[No. 2877.   Jan. 5, 1928.]

MILLER V. MILLER.

[262 Pac. 1007.]

Geo. W. Prichard, of Santa Fe, for appellant.

H. B. Hamilton, of Carrizozo, and Renehan & Gilbert, of Santa Fe, for appellee.

OPINION OF THE COURT

BICKLEY, J.   The plaintiff below (appellee) commenced suit against defendant (appellant) for divorce and disposition of community property.   The complaint alleged abandonment, and that the parties had separated and had settled their property interests.   The defendant did not appear in the action, and upon such default the court entered a decree, granting a divorce to the plaintiff and effectuating the property settlement in accordance with the terms of the agreement, as alleged.   Some months later the defendant filed a petition and affidavit, in which she recited the fact of the commencement of the suit, the contents of the complaint, and the decree.   She also alleged that she did not appear or answer in said cause, "having no attorney to represent her therein, she having been advised by the plaintiff that it was not necessary for

her to secure an attorney, as a divorce could be had by mutual consent, and he would do the proper thing by the defendant." She denied having abandoned the plaintiff. She admitted having received a portion of the money provided for in the decreed property settlement aforesaid, but alleged that plaintiff was delinquent in some of the payments provided for therein. She prayed that plaintiff be required to show cause why he should not be punished for contempt of court for failure to make said payments; that the case be reopened, and she permitted to answer the matters set forth in plaintiff's complaint.

The court sustained defendant's petition, found the plaintiff guilty of contempt, and ordered that he pay to the defendant at once the sum of $150, in accordance with the decree aforesaid, and that upon such payment he stand purged of said contempt, and reopened the case for the taking of proof as to the matters referred to in said petition of the defendant. Defendant thereupon answered the original complaint by way of denial and cross-complaint. Plaintiff replied, denying the affirmative matter set up in said answer and cross-complaint.

The court thereupon heard evidence on behalf of the plaintiff and defendant, and the argument of counsel, and found that plaintiff and defendant were divorced from each other by decree of the court, dated March 29, 1919 (the original decree). The court also found, as in the original decree, that the parties had separated, and had entered into an agreement of property settlement, as alleged in the complaint. The court made some further findings relative to the respective amounts which the parties had contributed to the purchase of certain community property. The court embodied into the decree the provisions of said property settlement, and in addition thereto ordered that the plaintiff pay to the defendant the sum of $200 "in full settlement of all claims of whatsoever nature she may have against said plaintiff on account of any interest she may have had in said property and on account of any alimony."

So it appears that the court twice adjudicated the property rights of the parties, in accordance with their volun-

tary settlement thereof, and in the second adjudication decreed to defendant a sum in addition thereto in the nature of alimony in gross. There was no charge made by defendant of any fraud or duress in the procurement of said property settlement. There was no claim by defendant that she was not fully advised of the value of the community property. The property settlement between the parties was clearly made an issue in the case and was fully adjudicated. No findings of fact were requested by the defendant to show any fraud or duress, or that she had been imposed upon in any manner.

It was and is the contention of appellant that the court should have found the houses and lots to be community property, and have divided them equally between the parties. If this could have been done in the face of the mortgage lien, it could hardly be done in the face of the voluntary property settlement made by the parties themselves, a part of which had become executed, but which was not attacked for fraud, duress, or mistake.

Section 2782, New Mexico Code 1915, provides that husband and wife may contract as to their property; and, as was said in 19 C. J. "Divorce," par. 787:

"Voluntary settlements of the property interests between the parties pending a divorce suit are not only lawful, but are to be commended. Such settlements are binding when the agreement therefor is embodied in the decree, and has become merged therein unless it appears that the decree was procured through fraud."

Appellant complains that the court erred in awarding the community property to the appellee, to her exclusion. This, again, was but carrying out the agreement of the parties. Appellant also complains that the court should have allowed judgment in favor of appellant for the amount of money she brought into the marriage community. The answer to this is that there was such a commingling of separate and community property that probably the court considered that it all became the property of the community. See Beals v. Ares, 25 N. M. 459, 185 P. 780.

It is also urged that the court should have allowed appellant reasonable alimony. The court was evidently not

convinced by the evidence in support of the defendant's cross-complaint, wherein for the first time she prayed for alimony, because the court made no findings of fact or conclusions of law as to the matters set up therein, and none were requested. Under this state of the record, we are not able to say that the court was in error.

Appellant cites Beals v. Ares, supra, in support of her contentions respecting the disposition of the community property. But that case is distinguishable from this. In that case, we pointed out that in appellant's action it was alleged that the district court acquired no jurisdiction over the property of the respective parties in the divorce proceeding, because such question was not put in issue, and that the allegations of the complaint relative to the same were not sufficient to invoke the jurisdiction of the court, and for that reason the decree attempting to confirm the property settlement was void. The opinion proceeds:

"The appellee seemingly places no reliance upon the judgment of the court in the divorce proceedings, which attempted to confirm the property settlement and to quiet appellee's title to the real estate and property in question. This phase of the matter may be dismissed from consideration with the observation that the complaint in the divorce suit did not invoke the jurisdiction of the court as to the property rights of the parties; hence the decree entered would not, in that regard, conclude the appellant. * * * Further discussion of this question, however, is unnecessary, because, as we have stated, appellee does not rely upon the judgment in the divorce decree to support the judgment of the court in the present action."

In the case at bar, the appellee does rely upon the judgment of the court in the divorce proceedings, which confirms the property settlement, and that question was within the issues and was adjudicated by the court. There is nothing in Beals v. Ares which is contrary to the principles announced in Corpus Juris heretofore quoted. The conclusion we have reached renders it unnecessary to consider the procedural questions presented by appellee.

Finding no reversible error in the record, the judgment should be affirmed; and it is so ordered.

PARKER, C. J., and WATSON, J., concur.