## PIERCE v ISABEL et

Ohio Appeals, 2nd Dist, Franklin Co

No 3330.   Decided Sept 26, 1941

Binns, Sanborn & Tresemer, Columbus, for plaintiff-appellee.

Wilson & Snider, Columbus, for defendants-appellants.

## OPINION

By GEIGER, PJ.

This matter had its inception in the Municipal Court of the City of Colum-

bus. The defendants-appellants seek a reversal of the judgment of the Municipal Court for $500.00 based upon a verdict of the jury. The pleadings are rather lengthy and we shall note only so much as is required to understand the issues. The plaintiff alleges that on the 3rd day of February, 1939, the defendants and The Norma Realty Company entered into a contract in writing whereby, through the plaintiff as broker representing both principals they agreed to certain exchanges of property, one property, that of the defendants being located in Plain City, Madison Count; the Columbus property owned by The Norma Realty Co., being located on Washington Avenue and Grove Street.

The petition alleges that each of the principals promised to pay the plaintiff his commission on the accepted price of said properties, and further, that if either failed to fulfill within a reasonable time his part of the contract, nevertheless such party would pay the plaintiff his regular commission on the property to be exchanged, which commission is alleged in the case of the defendants to be $500.00. The petition alleges that The Norma Realty Co. has at all times been ready, willing and able to fulfill its part of the contract, but that the defendants have wholly failed to fulfill their part of the contract, and that they have rendered the performance impossible by the sale to another of the Plain City real estate, all this to the damage of the plaintiff in the sum of $500.00. It is alleged that the plaintiff was duly licensed as a real estate broker at all times mentioned in the petition. The defendants answered, admitting that they entered into a written contract on February 3, 1938, as alleged in the petition, but they deny all other allegations. As a further defense they say that when they signed said contract, the same was collateral to and wholly dependent upon another contract signed by the defendant Loretta Karnes on the same date through the plaintiff as her agent. The defendants set out at length the terms of the second contract, and allege that

they delivered both contracts to the plaintiff as their agent with the direction and understanding that he would not deliver the first contract without the second; that the two contracts were interdependent and that neither should be effective unless both were consummated.

For a second defense the defendants plead the terms of the second contract and allege that under the circumstances detailed in said second defense the plaintiff would collect a commission from the defendant Loretta Karnes on the second transaction, and that the plaintiff would waive the commission based upon the contract described in the petition; that the plaintiff did not carry out the terms of the second contract, and that as a consequence none of the defendants consummated any of the respective deals referred to in the pleadings.

As a third defense defendants allege that the contract sued upon was prepared by the plaintiff and not by an attorney. The defendants allege such preparation of the contract amounted to practice of law, and that for such reason the plaintiff is not entitled to collect under any of the terms thereof.

As a fourth defense defendants asserted that there is a limit of the amount of recovery to not more than $500.00.

As a reply the plaintiff denies that the contract alleged in the petition was collateral to or dependent upon any other contract; denies that he made any guarantee in reference to the second contract; denies that he made any agreement to waive any commission under the terms as alleged in the answer. The plaintiff makes certain other specific denials which are not necessary to detail, and also pleads a general denial.

The verdict was for the plaintiff for $500.00.

During the trial the defendant interposed a number of motions for a directed verdict and also after the verdict interposed a motion for judgment non obstante. The court overruled these mo-

tions and overruled the motion for a new trial. Notice of appeal is filed.

The defendants-appellants have filed assignments of error which may be briefly summarized as error of the court in refusing to give the defendants' special charge; error in the general charge; in overruling defendants' motions and rejecting certain evidence; that the verdict was contrary to law and against the manifest weight of the evidence. A bill of exceptions is filed showing that testimony was offered by the plaintiff and defendants each to sustain the allegations of their several positions. We have read this bill of exceptions and arrive at the conclusion that the court would not be justified in setting aside the judgment of the court below touching any of the plaintiff's motions filed either before the verdict or thereafter, as the same may relate to the evidence.

The court has found it rather difficult to follow the claims of counsel, especially that of the defendants, but has arrived at the conclusion that there was a separate and distinct contract for commission which will be noted later, and that the contract plead was not dependent upon or related to any other contract between the parties, but that the matters now under review relate solely to the first contract and the right of the plaintiff to recover thereunder.

Plaintiff's exhibit "A" is that of the contract dated February 3, 1939, between the Norma Realty Co. and Loretta Karnes as the owners of the two tracts involved in a proposed exchange, and with the plaintiff touching his commission. The Norma Realty Co., being the owner of certain properties, agrees to exchange the same for a mortgage of $10,000.00 on a hotel property located in Plain City, with conditions to equalize the value of the several properties due to existing mortgage liens. The Norma Realty Company agrees with the plaintiff that it will pay the regular commission with the understanding that in the event of exchange of properties, commissions may be received from both principals. Lo-

retta Karnes likewise agrees to pay to the plaintiff his commissions. She being a defendant, we will set out this contract at length:

"I accept the above proposition this 3rd day of _____ 1939, and agree to pay your firm your regular commission of _____ on the accepted price of my property, and understand that in case of exchange of properties, commissions may be received from both principals. If I fail to fulfill within a reasonable time my part of this contract, I will pay your regular commission on my property."

Plaintiff's exhibit B is a copy of a letter from the Norma Realty Company to Loretta Karnes under the date of April 25, 1939, which calls attention to the fact that on February 14, 1939, Mrs. Karnes signed an acceptance of a proposal by the Realty Company to purchase from said company the Columbus property located at the corner of Washington and Grove Street. The letter stated that the Realty Company had been ready to proceed with this contract, and that the letter is formal notice that the Realty Company is tendering a deed for the premises, and that any delay in performance will result in damages to the Realty Company.

Plaintiff's exhibit C becomes of prime importance under the issues made in this case. It is a license to engage in real estate business for the year 1939, dated February 28, 1939. It states that George W. Pierce (the plaintiff) has been duly licensed as provided by law by the State Board of Real Estate Examiners "from this date until December 31, 1939."

It is the claim of the defendants that on the 3rd day of February, 1939, at the time the contract was entered into whereby the defendants agreed to pay the commission to the plaintiff, he was not a licensed real estate dealer, and that therefore his contract is void and that he has no right to claim or to recover commissions.

In this trial of the case, and especially in the assignment of errors presented to this court, practically the whole defense revolves around the claim that the plaintiff at the time he made the contract was not a licensed real estate dealer.

## THE LAW.

This brings us to the examination of the law controlling real estate brokers which may be found in **Chapter 27-A,** §§6373-25 to 6373-51. Sec. 6373-25 provides that,

"No person, firm or corporation shall act as a real estate broker or a real estate salesman or advertise or assume to act as such without first being licensed so to do as provided in the Act."

The several sections provide for the examination and qualification of the individual seeking the license, and §6373-38 under the caption, "Expiration of Licenses; renewals" provides that each license issued shall expire on the 31st day of December of the year in which it is issued; but each license shall be renewed upon application therefor if made within 90 days after the term of its expiration, without recommendation, examination or inquiry. Any licensee failing to make application for renewal of license within such period of 90 days shall be subject to all the requirements of this act applicable to persons who have never been licensed.

Sec. 6373-48 under the caption "Right of action":

"No right of action shall accrue to any person, firm or corporation for the collection of compensation for the performance of the acts mentioned in section one of this act without alleging and proving that such person, firm or corporation was duly licensed as a real estate broker or real estate salesman as the case may be **at the time the cause of action arose.**" (Emphasis ours).

The plaintiff testifies that he was licensed as a real estate dealer in the year 1938, but admits that there was no license issued to him for the year 1939 until February 28, 1939. It will be observed that the statute states that "each license shall expire on the 31st day of December of the year in which it is issued" and the claim of the defendants is that the plaintiff's 1938 license by the provision of the statute, expired on the 31st day of December, 1938, and that the new license did not take effect until its issue upon February 28, 1939, and that consequently, on the 3rd day of February, 1939, the plaintiff was an unlicensed real estate dealer without any right of action for the collection of compensation for the performance of the acts mentioned in the statute.

The plaintiff urges that under the provisions of §6373-38 providing that the license shall be renewed upon the application therefor if made within 90 days after the date of expiration, he was a licensee by virtue of the 1938 license for 90 days after the statutory period of expiration, to-wit: the 31st day of December, 1938, and that if his 1939 license was issued within the 90 days of grace that it would cover the period subsequent to the December 31st until the date of the new license. The defendants take the view that the 90 days of grace after the date of the expiration of the license for 1939 relates only to the provision that if the application for renewal be made within that period that the licensee may have his new license "without recommendation, examination or inquiry".

Upon the consideration of this matter we are of the view that under the statute the license of 1938 expired on the 31st of December, 1938, and that the provision that an application for renewal could be made within 90 days without recommendation, examination or inquiry relates solely to the right of the licensee to secure a new license without presenting any of the preliminary matters that were required of one who had never before been licensed.

It follows that on February 3rd, when the original contract was signed, and February 14th when the defendants signed an acceptance of the proposal made by The Norma Realty Co., the plaintiff was not a licensed real estate broker or salesman.

What right is withheld from one who is not licensed in reference to the collection of fees? Sec. 6373-48 provides that,

"No right of action shall accrue for the collection of compensation for the performance of the acts without alleging that such person was duly licensed 'at the time the cause of action arose'."

The plaintiff's petition asserts that the defendant breached the contract on the 28th day of June, 1939, by then refusing to consummate the exchange of her property for that of the Realty Company as secured by the plaintiff.

The plaintiff before argument offered to the court a special charge asking that the same be submitted to the jury:

"If you find that he was not a duly licensed agent on the 3rd day of February, 1939, then your verdict should be for the defendants."

The court refused this charge. The court in the general charge charged §6373-48 that,

"No right of action shall accrue to any person, firm or corporation for the collection of compensation for the performance of the acts without alleging and proving that such person, firm or corporation was duly licensed as a real estate broker or real estate salesman as the case may be at the time the cause of action arose. 'At the time the cause of action arose' does not mean the time of the signing of the paper of the parties thereto, but from the time of the alleged breach of the contract."

The court then charged in substance that the action was upon an agency contract instituted by the plaintiff to recover damages for breach of an alleged contract. "It therefore becomes important that you thoroughly understand the elements of the contract", and the court then charged as to contractual relations, and to the effect that "before the plaintiff is entitled to a verdict, he must show by a preponderance of the evidence the material facts that constitute a contract. The burden rests upon the plaintiff to show by a preponderance of the evidence that the contract was entered into; he must, show that there was a breach of the contract as claimed by him in the petition, and he must show by a preponderance of the evidence damage or loss which he has sustained. If he has not sustained this burden then you should render a verdict for the defendants. If on the other hand plaintiff has shown you by a preponderance of the evidence that there was a breach of this contract by the defendants, and that he has been damaged, then he is entitled to recover."

It will be readily perceived that if the requested charge of the defendants is a correct statement of the law, then the refusal of the court to give it is fatal to the judgment of the court below. If on the other hand the court was correct in refusing to give the special charge and if his general charge is a correct statement of the law, then so far as the charge of the court is concerned, no error has intervened.

It is difficult for us to definitely ascertain the legislative intent in denying the right of action without alleging and proving that the broker was duly licensed at the time the cause of action arose. Sec. 6373-26 provides that,

"No person shall act as a broker without first being licensed."

And §6373-49 provides that whoever violates the provisions of that section shall upon conviction be fined not to exceed $500.00. Those two sections would indicate that the individual may not act as a broker without having a

license under penalty of punishment, and the provisions for penalty tend to support the claims of the defendants that under the provisions of §6373-48 no right of action accrues to an individual for compensation for performing any of the acts unless he has been licensed. However, we must give attention to the further provision of §6373-48 that he has no right of action unless he was licensed 'at the time the cause of action arose'.

Considering the contract entered into by the parties we can not bring ourselves to the view that his ▆▆▆▆▆ ▆ cause of action which was the breach of the contract entered into on February 3rd arose on that date when the parties agreed to exchange their properties. This agreement was secured by the plaintiff. The defendants were liable to the plaintiff for his compensation in the event the parties consummated the deal. If through the fault of the defendants the deal was not consummated, then the defendants were liable. This did not occur until the 28th of June when the Plain City property was sold to others. This was four months after the plaintiff had secured a license to engage in the real estate business. We can not take the narrow view that in an action of this kind based upon a breach of contract, that the cause of action arose upon the parties entering into a contract which gave neither of them a right of action until something further arose between the parties. The Legislature may have had good reason to so draft the law as to permit transactions to be conducted between parties which in themselves might never ripen into a right of action. The Legislature might well have said that they were to recover nothing if at the time of the contract the broker was not licensed. The Legislature avoided this and made the right to recover dependent upon the possession of a license upon the date when the cause of action arose.

We have examined the other assignments of error and find that none of them are fatal to the judgment if we are right in our conclusion that the plaintiff could recover if at the time of the breach of the contract he was a licensed broker.

Judgment of the court below affirmed. Cause remanded.

HORNBECK & BARNES, JJ., concur.

## MOTION TO STRIKE BILL OF EXCEPTIONS

No 3330.   Decided Sept 26, 1941

By GEIGER, PJ.

On motion of Grace M. Pierce.

On September 13, 1941, motion was filed by Grace M. Pierce, the administratrix of the estate of George Pierce, asking the court not to consider the bill of exceptions for the reason that the record shows that no motion for a new trial was filed within three days after the verdict of the jury as required by §11578. The movant claims that on May 11, 1940, four days after the verdict, a motion for a new trial was attempted to be filed; that the assignment commissioner of the Municipal Court set his stamp back to May 10; that counsel for the defendants-appellants made a statement seeking to justify the filing on the 4th day by stating that on the previous day he had handed the motion for a new trial to the assignment commissioner who stamped it as filed on May 10th, whereas as a matter of fact it was filed on May 11th, the 4th day.

This matter was before the court below who, upon hearing said motion held, the court having decided that the motion for new trial was filed on the third day after the verdict was rendered, it is not necessary to consider motion to allow motion for new trial to be filed out of rule, and the court then overruled the motion to strike the bill of exceptions.

The court in its decision this day filed has reviewed this case and has affirmed the judgment of the court below. The reasons given by the court make the question raised upon this

184

motion simply a moot question, and the motion to strike the bill of exceptions is therefore overruled.

It has been held in substance that where a litigant presents to the officers of the court a motion within rule day, but that the same was not filed due to some act of the officials, that such act will not render the filing of the motion otherwise in time, subject to dismissal as not being filed within time. Porter v Rohrer, 95 U. S. 90, The Cincinnati Tractor Co. v Ruthman, 85, U. S. 62. Hornbeck & Adams, §152.

HORNBECK & BARNES, JJ., concur.

## APPLICATION FOR REHEARING

No 3330. Decided Oct 10, 1941

BY THE COURT:

This matter is now before this court upon an application of the defendants-appellants for a rehearing.

Counsel has strongly urged certain matters which we had in mind at the time we determined the case, but which we did not consider in the extended detail now presented by counsel.

All that counsel says may well arise from the circumstances which he recites, but the question still remains whether it is not an error in legislation which the Legislature should correct. The Legislature might properly have said that a broker could not recover if at the time he entered into the contract he was without a license, but it did not so state. It stated that he could not recover if he was without a license **at the time the cause of action arose.**

We think counsel has presented a very fair argument of his viewpoint, but are still of the opinion that our original decision was correct, and that, therefore, the application for rehearing is denied.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.

## MAY v SZWED

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18201. Decided Sept 15, 1941

