210 P.2d 942

CAUTHEN v. CAUTHEN.

No. 5200.

Supreme Court of New Mexico.

Oct. 26, 1949.

Nils T. Kjellstrom, Hot Springs, for appellant.

Douglass K. Fitzhugh, Hot Springs, for appellee.

COMPTON, Justice.

Appellee instituted proceedings for divorce and for division of community property. Appellant denied the community status of the property. The cause was tried to the court and at the conclusion of the hearing, the court made general findings that the property belonged to the community and rendered judgment accordingly.

The community consists principally of real estate and the trial court deeming it advisable, the realty not being susceptible of division in kind, directed that the real estate and personal property be appraised, advertised and sold at public vendue and that the manner of sale, so far as practical, follow the procedure for the sale of real estate in partition proceedings. It is now conceded by appellant that the property is community, his complaint here only concerns the manner of sale.

The single question complained of is the manner employed by the trial court in effecting a division and distribution of the community, particularly the realty. Appellant strenuously argues that since the real estate is to be appraised, a division should be effected by successive proceedings: First, divorce and determination of property status; second, partition as to the real estate; third, division of the personal property, or a sale thereof if necessary. In other words, appellant contends that the court is without jurisdiction to make a division of the real estate in the present action. The novelty of this contention is interesting, indeed.

■ The powers of the court, with respect to division of the community, are defined by Sec. 25-703, N.M.Stat., 1941 Comp., which reads: "Any suit for the dissolution of the bonds of matrimony, division of property, disposition of children, or alimony, as provided for in this chapter (§§ 25-701–25-709), may be instituted in the county where either of the parties resides, or where the property, or some part thereof, affected, or sought to be affected thereby, is located or situated. In such suit, the court shall have jurisdiction of *all* said property, wherever located or situated in said state." Laws 1901, ch. 62, Sec. 24, Code 1915, Sec. 2775, C.S.1929, Sec. 68-503. (Emphasis ours.)

Under the statute, the court has the duty to divide the property of the community equally. Miller v. Miller, 33 N.M. 132, 262 P. 1007; Sands v. Sands, 48 N.M. 458, 152 P.2d 399. This is all that is required. To that end any reasonable means may be employed, and if the court concludes that advisory proceedings are beneficial, it may employ such means. Appellant's contention is without merit.

Appellee has filed a motion for allowance of attorney's fees on appeal, in addition to those allowed by the trial court. The parties live in Hot Springs, New Mexico, and the matter is presented to this court on oral argument. The value of the community is approximately $25,000. We notice the amount of work required and performed by her attorney, and a reasonable fee for such service is $350.00, which should be paid forthwith by appellant to appellee for and in behalf of her attorney.

Also, a motion has been filed to dismiss the appeal as frivolous and to penalize appellant for causing delay in settling the community. That this may be done is not questioned, Rule 17, Sec. 3 our rules, 1941 Comp. § 19-201(17), subd. 3, but we will pass the question.

The judgment should be affirmed and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.