Paul M. SCHREIBMAN, Plaintiff-Appellant,

v.

L. I. COMBS & SONS, INC., L. I. Combs, Jr., and Village Shopping Center, Inc., an Indiana Corporation, Defendants-Appellees.

No. 14557.

United States Court of Appeals Seventh Circuit.

Oct. 14, 1964.

Rehearing Denied Nov. 16, 1964.

Harold Abrahamson, Richard P. Komyatte, Owen W. Crumpacker, Crumpacker, Burbach & Abrahamson, Hammond, Ind., for plaintiff-appellant.

Justin Waitkus, Gary, Ind., for defendants-appellees.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

KILEY, Circuit Judge.

The issue in this diversity suit of first impression is whether a real estate broker, licensed in New York, is precluded from recovering a commission in Indiana for services rendered there under a listing contract made there, because he had no reciprocal Indiana license when the contract was made or when he performed acts as a broker under the contract. The district court, without a jury, found for defendant at the close of plaintiff's case and entered judgment against plaintiff.[1] We think this was error.

Early in April, 1959, plaintiff Schreibman, a real estate broker licensed in New York and employed in the business of selling large commercial properties, received a letter from defendant Combs, president of defendant Village Shopping Center, Inc., about the possibility of a sale of defendants' shopping center near Gary, Indiana. Thereafter, plaintiff and Combs met, the terms of the sale were discussed, and the two men inspected the center. On July 7, plaintiff requested an application for an Indiana real estate broker's license. The next day Schreibman and defendants entered into a listing contract. Thereafter, Babin, a prospective purchaser procured by plaintiff, offered to buy the center for the listed price. Documents incorporating the terms agreed upon were prepared by Babin, an attorney, and on August 4, 1959,

they were presented to the sellers' attorney. A number of changes and revisions were agreed upon and Babin amended the documents accordingly. They were sent to Combs and the attorney on August 6. On August 10, plaintiff received his Indiana license. On August 19, Babin received a letter from Combs stating that the sellers did not want to sell at that time. Babin testified that he "closed" his file on the matter.

Plaintiff continued his efforts to bring about a sale. In March, 1960, Babin submitted another offer on different prices and terms and again the terms were agreed upon and Babin prepared the documents. A closing date was set for April 12, 1960, but the sellers refused to complete the sale.

The district court concluded that plaintiff had acted as a real estate broker without an Indiana license and was guilty of violating the criminal provision, § 63–2407,[2] of the Indiana Real Estate Licensing Act, which violation precluded recovery of his commission under § 63–2408[3] of the Act; and that the latter statute merely added another element to the broker's burden of proof, viz., the possession of an Indiana license when the cause of action "arose."

The district court relied for its conclusion on Hunter v. Cunning, 176 Or. 250, 154 P.2d 562 (1944), rehearing denied, 176 Or. 250, 157 P.2d 510 (1945). But the holding in that case was that the plaintiff broker was not licensed

---

1. Under F.R.Civ.P. 41(b), in a non-jury case, upon a motion for judgment at the end of the plaintiff's case, the court as trier of fact may decide the case on the merits and enter judgment accordingly. In so doing the court is required to state separately its findings of fact and conclusions of law according to Rule 52(a). While the court's oral opinion does not so separately state findings and conclusions, we treat the oral opinion as stating findings of fact which we must accept unless clearly erroneous.

2. Ind.Ann.Stat. § 63–2407 (1961). License—Unlawful acts—Violations and penalties.—On and after October 1, 1949 it shall be unlawful for any person, firm,

partnership, association or corporation to act as a real estate broker or real estate salesman without first having procured a license issued by Indiana real estate commission and to have kept the same unrevoked after issuance. * * *

3. Ind.Ann.Stat. § 63–2408 (1961). Commissions—Actions to collect—Allegations. —In all actions for the collection of a commission or other compensation for the sale of real estate and filed in the courts of this state after October 1, 1949, it shall be alleged and proved therein that at the time the cause of action arose the party seeking relief was a duly licensed real estate broker or real estate salesman of the state of Indiana.

until after the date on which his cause of action arose, if at all. The statement of that court that the broker was precluded from recovery because of his violation of the criminal provision of the Oregon licensing act was dictum.

While, as the district court stated, it may be true as a general proposition of Indiana law that a person should not be permitted to profit from his own illegal acts, we are here concerned with a particular statute and the plaintiff's right of recovery must be judged under that statute. We disagree with the district court's conclusion for the reasons given hereafter.

The purpose of the Indiana Real Estate Licensing Act is to protect its citizens from possible loss at the hands of incompetent or unscrupulous persons acting as brokers. A licensing commission is established to administer tests to determine whether applicants are qualified to act as brokers and to issue licenses to those found to be qualified.[4] Provision is also made for issuance of licenses without examination to licensed non-resident brokers at the discretion of the commission.[5] Section 63–2408 here in question provides that one who seeks to recover a commission must allege and prove that he was a licensed broker "at the time the cause of action arose." In order to effectuate the purpose of the Act it has been provided that only licensed persons may perform any acts as real estate brokers and criminal penalties are imposed, under § 63–2407, upon those who violate this provision.

The district court's conclusion that acts in violation of § 63–2407 preclude recovery of any commission in connection with the illegal acts renders the phrase "at the time the cause of action arose" in § 63–2408 meaningless, for under this interpretation if a broker has engaged in any of the acts enumerated in the statute prior to obtaining a license, the entire transaction is tainted with illegality and he will not be permitted to recover, no matter when his cause of action arose. This is demonstrated by the fact that the district court decided the case below without making any finding as to when plaintiff's cause of action arose. The Oregon court, recognizing this dilemma in Hunter, sought to escape the dilemma by interpreting the word "arose" in the similar Oregon statute to refer to all of the acts of the broker which finally culminated in a cause of action, as if the cause of action were arising over a period of time.

We have found no precedent in Indiana or in any other jurisdiction for such an interpretation of the word "arose," nor has any been cited to us in the briefs, with the exception of the Hunter case, and Irons Investment Co. v. Richardson, 184 Wash. 118, 50 P.2d 42 (1935), in both of which the interpretation followed by the district court, in the case before us, was dictum, since in Hunter and in Richardson the court found that the broker was not licensed until after the date on which the last act necessary to the arising or accrual of his cause of action had taken place.

"Arose," in its usual and ordinary meaning, denotes past completed action, while the usual and ordinary means of expressing past continuing action would be "was arising." In framing § 63–2408 the Indiana legislature chose the word "arose," and in the absence of some established technical meaning of the term in Indiana law, it should be read by the courts in its ordinary sense, unless the clear intent of the statute requires otherwise.

We think that this interpretation of the word "arose" signifies the substantive character of § 63–2408 conferring on brokers, having an Indiana license when their cause of action arose, a right of recovery. This view is supported by the provisions of Indiana's § 63–2407. Under this section each act is regarded as a separate criminal offense,

4. Ind.Ann.Stat. § 63–2401, 63–2410, 63–2411 (1961).

5. Ind.Ann.Stat. § 63–2419 (1961).

punishable by a fine "to which shall be added the amount of any real estate commission paid or earned on such violation * * *." The only situation in which the forfeiture provision would be applicable would be where the broker has completed every act required to give him a right to his commission, *i. e.*, where his cause of action has arisen. At any earlier time no commission would have been "paid or earned." The legislature did not provide that no commission may be recovered where the plaintiff committed any illegal act in connection with the events which gave rise to his right to a commission.

Our view of § 63–2408 is expressed, with respect to a similar Ohio statute, in Pierce v. Isabel, 70 Ohio App. 385, 40 N.E.2d 481, 46 N.E.2d 292 (1941) where the issue was whether the plaintiff broker was precluded from recovering a commission because his broker's license had lapsed and had not been renewed when the listing contract was entered into, although he secured a license before the parties agreed to a sale. The Ohio court held that since the cause of action did not arise until the making of the agreement to sell, which occurred after the plaintiff received his license, the plaintiff could recover.

Defendants in the case before us rely upon Folsom v. Callen, 126 Ind.App. 201, 131 N.E.2d 328 (1956), and McKenna v. Turpin, 128 Ind.App. 636, 151 N.E. 2d 303 (1958). In Folsom the court held that one who had never been licensed could not recover a commission. And in McKenna the court's dictum was that defendant was justified in rescinding the listing contract because the broker had allowed the license to lapse. The holdings in those cases are not pertinent to our decision.

Our interpretation of § 63–2408 is consistent with the purpose of the Indiana act, to protect the public against incompetent and otherwise unqualified brokers. The means selected by the legislature to protect the public in this regard is to penalize persons who act as brokers without having been certified as qualified. The district court's interpretation renders it possible for one who has employed a competent broker and benefited from his services to repudiate the listing contract and deprive the broker of his commission if the latter performed any act, pursuant to the contract, which was proscribed by the statute. We think that our construction of the statute provides the public with the protection intended by the legislature without opening the door unnecessarily to potential injustices.

A competent broker, licensed in another state, who becomes licensed in Indiana before his cause of action arises should be permitted to recover his commission under § 63–2408 under the circumstances present in this case. Plaintiff's competence is not questioned. He was licensed as a real estate broker in New York and was granted a license in Indiana without any examination being required. His license also was renewed without question for the year 1960. Combs, who was himself a licensed Indiana broker sought out and employed plaintiff and attempted unsuccessfully to induce him to split the commission.

We hold that the fact that plaintiff was not licensed on July 8, 1959, when the listing contract was entered into, does not itself render that contract void and does not preclude recovery.

The district court should have determined, under the listing contract, what plaintiff had to do to earn his commission, and further should have decided if and when plaintiff's cause of action for recovery of the commission "arose" under § 63–2408.

For the reasons given, the judgment is reversed and the cause remanded for further proceedings consistent with the views expressed.