414 P.2d 227

**Phillip RABY, d/b/a Raby Floor Covering, Plaintiff-Appellee,**

v.

**WESTPHALL HOMES, INC., and Mr. and Mrs. Victor W. Westphall, Defendants-Appellants.**

**No. 7708.**

Supreme Court of New Mexico.

May 9, 1966.

Hines & Mistretta, Albuquerque, for appellants.

Sheehan & Duhigg, Albuquerque, for appellee.

CHAVEZ, Justice.

This is an appeal by defendants-appellants seeking a reversal of the trial court's decision, awarding full compensation to plaintiff-appellee for installation and laying of carpeting in defendants' apartment house.

The trial court found that on or about July 31, 1962, plaintiff entered into an agreement with defendants, whereby plaintiff would install certain tile and carpeting in defendants' apartments for $6,782.67. Plaintiff installed all tile and carpeting as provided by the agreement and received $4,150.-00 from defendants, leaving a balance due of $2,632.67. Defendants did not object to the installation of the tile and withheld payment solely because of certain claimed objections to the color and quality of the carpeting. The trial court found that, in

installing the carpeting, plaintiff was not acting as a contractor and was not required to have a contractors' license, as defined and required by §§ 67–16–1 through 67–16–20, N.M.S.A., 1953 Comp. It also found that plaintiff had complied with the agreement and awarded compensation to plaintiff in the sum of $2,632.67, solely for the installation and laying of the carpeting.

This court has considered the definition of a contractor under the Contractors' License Law in two situations, wherein the work involved the installation of items in a building. In Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200, we held that an electrical contractor was a contractor within the purview of § 67–16–2, supra, and was required to allege that he had a contractors' license at the time he performed his service.

In an earlier case, Fischer v. Rakagis, 59 N.M. 463, 286 P.2d 312, we considered a situation in which a carpenter had done certain work. The facts of the case show that the plaintiff had installed a bar, some shelving, a partition, an accordion door, three other doors, built liquor storage, as well as making a door opening, and cutting down show windows. We said that "the chattels were fabricated into the building," and concluded that plaintiff's recovery was barred because he did not allege that he was a licensed contractor.

In Fell v. Messeroff, (Fla.App.1962), 145 So.2d 238, the court found that wall-to-wall carpeting was not an improvement and not subject to the provisions of the Mechanics' Lien Law. In Ruby v. Cambridge Mutual Fire Insurance Company, (Tex.Civ.App. 1962), 358 S.W.2d 943, the court referred to the removability of wall-to-wall carpeting and reached the conclusion that it was not part of a dwelling which was covered by insurance.

The reason for the many classifications of such carpeting by the various courts is because they often look to the intent of the parties in determining the outcome of the type of litigation involved. Here we are concerned with the intent of the legislature.

It is clear to us that the legislature had a reason for excluding anyone "who merely furnishes materials, or supplies without fabricating the same into * * * [a structure]." Section 67–16–2, supra. We do not feel that the laying of a wall-to-wall carpet accomplishes the same degree of "improvement" or "fabrication," which the work by the electrical contractor or the carpenter in our cases above cited required. While it is true that the carpet is attached to the floor at the edges, it remains readily removable and is more of a decorator item than an improvement.

We hold that a wall-to-wall carpeter is not a contractor within the purview of § 67–16–2, supra, and that plaintiff was not required to allege and prove that he was a licensed contractor to maintain this cause

of action. The decision of the trial court is affirmed.

Although we affirm the trial court's decision, we do not believe that plaintiff is entitled to excess damages as allowed by § 21–2–1(17) (3), N.M.S.A., 1953 Comp. It does not appear that defendants were appealing for the purpose of delay and excess damages will not be awarded.

It is so ordered.

NOBLE and COMPTON, JJ., concur.