487 P.2d 1352

Robert C. ANDERSON and Carol S. Anderson, his wife, Plaintiffs-Appellees,

v.

JENKINS CONSTRUCTION CO., Inc., Defendant-Appellant.

No. 687.

Court of Appeals of New Mexico.
July 30, 1971.

48

Stuart Hines, Albuquerque, for defendant-appellant.

David R. Gallagher, Mark H. Shaw, Gallagher & Ruud, Albuquerque, for plaintiffs-appellees.

## OPINION

SUTIN, Judge.

This is a suit by Anderson against Jenkins Construction Co., Inc., to recover damages, or, in the alternative, for rescission plus damages, because of negligence or breach of warranty in the construction of a new house.

Upon stipulation of the parties, the cause was submitted to a disinterested expert who made findings as to cause of damage and cost of repairs. The expert filed his report and, later, a supplemental report. Upon consideration of the expert's reports, and after several further hearings before the trial court, judgment was entered for Anderson in the sum of $11,133.00. Jenkins appeals.

We affirm.

A. *Was Defendant Negligent and was there a Breach of Warranty?*

The trial court made findings of fact and conclusions of law which were

not challenged on appeal. These findings and conclusions are deemed true and controlling. Trinidad Industrial Bank v. Romero, 81 N.M. 291, 466 P.2d 568 (1970).

The trial court found and concluded that Jenkins was negligent in the construction of the residence, in its selection of a site and in the type of foundation used. The trial court also found that Jenkins warranted that the residence which it constructed for Anderson would be suitable for all normal residential purposes; that the residence, as constructed, was and is not so suitable, and concluded that Jenkins breached its warranty to Anderson. There was a breach of warranty.

### B. Did Jenkins have any Defenses to Breach of Warranty?

Jenkins claims contributory negligence bars recovery by Anderson. The trial court rejected defendant's requested finding on contributory negligence. This refusal has not been preserved for review. Section 21–2–1(15) (16) (c), N.M.S.A. 1953 (Repl.Vol. 4).

Jenkins further claims it never had its day in court because the trial court used the expert's report as though the expert were appointed special master and not as an engineer to determine one facet of the case. However, Jenkins and Anderson stipulated they would be bound by the factual findings of the expert as to cause of the damage and costs of repairs. The legal determination as to liability would then be up to the court. The trial court understood the clear implication of the stipulation and so stated it in the record. Before judgment was entered, two hearings were held and proposed findings and conclusions were tendered by both parties. Jenkins had its day in court.

Jenkins also claims the trial court's decision was based on hearsay evidence and the judgment was made ex parte. The record is to the contrary. Jenkins had no defenses.

### C. Was Anderson Entitled to Damages for Delay?

Anderson, in his answer brief, claimed a penalty under Supreme Court Rule 17 (3) [§ 21–2–1(17) (3), N.M.S.A.1953 (Repl. Vol. 4)] for delays in the trial court and during appeal. Jenkins did not respond in a reply brief.

Rules of Practice and Procedure in the Supreme Court were made applicable, insofar as pertinent, in the Court of Appeals. Section 21–2–2, N.M.S.A.1953 (Repl.Vol. 4). We hold this includes Rule 17(3).

Rule 17(3) reads as follows:

3. If a judgment be affirmed and it appear that the appeal was taken * * merely for delay, and has resulted in delay, the Supreme Court may award to the appellee * * * such damages as may be just, not exceeding ten per cent [10%] of the judgment complained of.

Jenkins did not controvert or dispute the statements in Anderson's answer brief, nor even mention the issue. This court will take the statements as true. Rosenthal v. Rosenthal, 197 Cal.App.2d 289, 17 Cal.Rptr. 186 (1961); Campbell v. Colgate-Palmolive Company, 134 Ind.App. 45, 184 N.E.2d 160 (1962).

Jenkins' delays in the trial court are irrelevant under Rule 17(3). We deplore the delays which occurred in the trial court, but we find no statutes or rules which create a penalty for these delays.

The issue is whether the appeal was taken for the purpose of delay and resulted in delay. Raby v. Westphall Homes, Inc., 76 N.M. 252, 414 P.2d 227 (1966). This depends upon whether the appeal was frivolous, vexatious and groundless, and not taken in good faith. Rogers v. Garde, 33 N.M. 245, 248, 264 P. 951 (1928); Cauthen v. Cauthen, 53 N.M. 458, 210 P.2d 942 (1949). Even though the appeal lacks merit, it does not follow that it was not taken in good faith. Durrett v. Petritsis, 82 N.M. 1, 474 P.2d 487, 490 (1970).

**50**

## D. *Was the Appeal Frivolous?*

United States v. Martone, D.C., 283 F.Supp. 77, 80 (1968), says:

> An appeal is said to be "frivolous" where it presents no debatable question or no reasonable possibility of reversal, the word meaning of little weight or importance, not worth notice, slight.

In State v. Van Dorn, 8 Ariz.App. 228, 445 P.2d 176, 178 (1968), the word "frivolous" is defined by a partial quotation as follows:

> "Frivolous" has a colloquial meaning of trifling or silly. It also has an established meaning in law, when applied to appeals, of "manifestly insufficient or futile", "without merit and futile."

■ Anderson asserts that the record reflects dilatory tactics of Jenkins. It took more than 60 days for Jenkins to file its brief in chief after the transcript had been filed in this court. The brief does not attempt to comply with Supreme Court Rule 15 [§ 21–2–1(15), N.M.S.A.1953 (Repl. Vol. 4)]. Jenkins did not challenge the findings and conclusions of the trial court, and totally failed to mention the warranty theory of liability. It stipulated to be bound by an expert's findings in the trial court, and now makes unreasonable deviations therefrom. Anderson says, "Delay is as destructive to the legal system as the failure to place steel rebar in the concrete stem wall was to plaintiffs' residence." We agree. All of this displays this appeal is a further effort to delay a final determination of this cause. Jenkins made no contention to the contrary.

This was a frivolous appeal for the purpose of delay and not taken in good faith. Pursuant to Rule 17(3), this court believes it is just to assess damages equal to 5% of the judgment.

The judgment of the trial court is affirmed, plus 5% damages in addition to the judgment obtained in the trial court.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.