520 P.2d 1096

**LAKEVIEW INVESTMENTS, INC.,**
**Plaintiff-Appellant,**

v.

**ALAMOGORDO LAKE VILLAGE, INC.,**
**Defendant-Appellee.**

**No. 9793.**

Supreme Court of New Mexico.

April 5, 1974.

Keleher & McLeod, Ranne B. Miller, Albuquerque, for plaintiff-appellant.

Branch, Dickson, Dubois & Wilson, Frank P. Dickson, Jr., Albuquerque, for defendant-appellee.

OPINION

MONTOYA, Justice.

This appeal is brought from the granting of a motion to dismiss for failure to state a cause of action by plaintiff-appellant Lakeview Investments, Inc. (appellant). The facts are as follows. Appellant and

defendant-appellee Alamogordo Lake Village, Inc. (appellee) entered into a written agreement dated April 4, 1972. Essentially, the agreement provided that appellant would serve appellee as exclusive sales representative of subdivided land owned by appellee in DeBaca County, New Mexico. According to the agreement, appellee was to place the land in a marketable condition and appellee agreed to pay appellant's monthly operating expenses in an amount not to exceed $10,000 per month. On June 21, 1972, appellant became licensed for the first time as a real estate broker under the laws of the State of New Mexico. After receiving payments through the month of August 1972, appellant complained that appellee repudiated and otherwise breached the agreement subsequent to June 21, 1972, and specifically on or about September 1, 1972, by refusing to pay the monthly operating expenses for the month of September 1972, and all subsequent months. Further, that the appellee failed to pay commissions on sales of property which were made after June 21, 1972.

After appellee filed a motion to dismiss on the ground that the complaint failed to state a claim upon which relief may be granted and filed a motion for summary judgment, the court granted appellee's motion to dismiss. In its order the court concluded that the appellant's complaint failed to state a cause of action "by virtue of the fact that the plaintiff [appellant] was not a, licensed real estate broker at the time the contract * * * was entered into on April 4, 1972 * * *" as required by § 67–24–33, N.M.S.A., 1953 Comp. It is this conclusion that is the subject of this appeal.

The narrow issue involved in this appeal is when, within the factual situation presented and pursuant to § 67–24–33, supra, does a cause of action arise. Section 67–24–33, supra, provides:

"No action for the collection of commission or compensation earned by any person as a real estate broker or salesman required to be licensed under the provisions of this act [67–24–19 to 67–24–35] shall be maintained in the courts of the state unless such person was a duly licensed broker or salesman *at the time the alleged cause of action arose.* In any event suit against a member of the public as distinguished from any person licensed under this act shall be maintained only in the name of the broker." (Emphasis added.)

Simply stated, the trial court held that appellant's cause of action arose at the time the parties entered into their contract. We disagree with that conclusion for the reasons hereafter given.

■ The issue presented by this case is one of first impression in New Mexico. As such, it is necessary to turn to other jurisdictions for authority in the resolution of this problem. In Schreibman v. L. I. Combs & Sons, Inc., 337 F.2d 410 (7th Cir. 1964), cert. denied 380 U.S. 911, 85 S.Ct. 896, 13 L.Ed.2d 797, the United States Court of Appeals had to decide whether a real estate broker licensed in New York was precluded from recovering a commission in Indiana for services rendered in Indiana under a listing contract there, because he had no reciprocal Indiana license when the listing contract was made but had obtained an Indiana license by the time the contract of sale of the property was entered into. The trial court, without a jury, found for the defendant at the close of plaintiff's case, concluding that plaintiff had acted as a real estate broker without an Indiana license and was guilty of violating the criminal provision, § 63–2407 of the Indiana Real Estate Licensing Act, IC 1971, 25–34–1–8 (similar to § 67–24–19, N.M.S.A., 1953 Comp. amended 1973 Pocket Supp.), which violation precluded recovery of his commission under § 63–2408 of that Act, IC 1971, 25–34–1–9 (similar to § 67–24–33, supra). In reversing the trial court, the Court of Appeals held that the fact that the plaintiff was not licensed when the listing contract was entered into does not preclude recovery under the applicable In-

diana statutes. The court stated (337 F.2d at 412–413):

"The purpose of the Indiana Real Estate Licensing Act is to protect its citizens from possible loss at the hands of incompetent or unscrupulous persons acting as brokers. A licensing commission is established to administer tests to determine whether applicants are qualified to act as brokers and to issue licenses to those found to be qualified. Provision is also made for issuance of licenses without examination to licensed non-resident brokers at the discretion of the commission. Section 63–2408 here in question provides that one who seeks to recover a commission must allege and prove that he was a licensed broker 'at the time the cause of action arose.' In order to effectuate the purpose of the Act it has been provided that only licensed persons may perform any acts as real estate brokers and criminal penalties are imposed, under § 63–2407, upon those who violate this provision.

"The district court's conclusion that acts in violation of § 63–2407 preclude recovery of any commission in connection with the illegal acts renders the phrase 'at the time the cause of action arose' in § 63–2408 meaningless, for under this interpretation if a broker has engaged in any of the acts enumerated in the statute prior to obtaining a license, the entire transaction is tainted with illegality and he will not be permitted to recover, no matter when his cause of action arose. This is demonstrated by the fact that the district court decided the case below without making any finding as to when plaintiff's cause of action arose. * * *

"We have found no precedent in Indiana or in any other jurisdiction for such an interpretation of the word 'arose,' nor has any been cited to us in the briefs, with the exception of the Hunter case [Hunter v. Cunning, 176 Or. 250, 154 P. 2d 562 (1944), rehearing denied, 176 Or. 250, 157 P.2d 510 (1945)], and Irons Investment Co. v. Richardson, 184 Wash. 118, 50 P.2d 42 (1935), in both of which the interpretation followed by the district court, in the case before us, was dictum, since in Hunter and in Richardson the court found that the broker was not licensed until after the date on which the last act necessary to the arising or accrual of his cause of action had taken place.

"'Arose,' in its usual and ordinary meaning, denotes past completed action, while the usual and ordinary means of expressing past continuing action would be 'was arising.' In framing § 63–2408 the Indiana legislature chose the word 'arose,' and in the absence of some established technical meaning of the term in Indiana law, it should be read by the courts in its ordinary sense, unless the clear intent of the statute requires otherwise.

"* * *.

"Our view of § 63–2408 is expressed, with respect to a similar Ohio statute, in Pierce v. Isabel, 70 Ohio App. 385, 40 N.E.2d 481, 46 N.E.2d 292 (1941) where the issue was whether the plaintiff broker was precluded from recovering a commission because his broker's license had lapsed and had not been renewed when the listing contract was entered into, although he secured a license before the parties agreed to a sale. The Ohio court held that since the cause of action did not arise until the making of the agreement to sell, which occurred after the plaintiff received his license, the plaintiff could recover.

"* * *.

"Our interpretation of § 63–2408 is consistent with the purpose of the Indiana act, to protect the public against incompetent and otherwise unqualified brokers. The means selected by the legislature to protect the public in this regard is to penalize persons who act as brokers without having been certified as qualified. The district court's interpretation renders it possible for one who has em-

ployed a competent broker and benefited from his services to repudiate the listing contract and deprive the broker of his commission if the latter performed any act, pursuant to the contract, which was proscribed by the statute. We think that our construction of the statute provides the public with the protection intended by the legislature without opening the door unnecessarily to potential injustices.

"A competent broker, licensed in another state, who becomes licensed in Indiana before his cause of action arises should be permitted to recover his commission under § 63–2408 under the circumstances present in this case. * * *"

We approve and adopt the language quoted above as applicable to the instant case. The only remaining question to be decided is when appellant's cause of action arose.

In Livingston v. Sims, 197 S.C. 458, 462–463, 15 S.E.2d 770, 772 (1941), the Supreme Court of South Carolina considering the same question, stated:

"A cause of action, as defined with reference to its elements, consists of a primary right of plaintiff, a corresponding duty of the defendant, and a wrong by the defendant in breach of such right and duty. Ophuls & Hill v. Carolina Ice & Fuel Co., 160 S.C. 441, 158 S.E. 824; Hibbett v. Charleston Heights Co., 163 S.C. 327, 161 S.E. 499.

"It follows that a cause of action for damages is not on the one hand the damage suffered by plaintiff, nor on the other hand the mere evidentiary facts showing the defendant's wrong; but it is the wrong itself done by defendant to plaintiff, that is, the breach of duty by the defendant to the plaintiff, whether it is the duty arising out of a contract or of tort. Every violation of a legal right imports damage and authorizes the maintenance of an action and the recovery of at least nominal damages, regardless of whether any actual damage has been sustained. [Citations omitted.]"

As to when the cause of action "arose" under the factual situation here, we believe that it is upon the breach of the duty by the defendant arising out of the contract. There can be no cause of action until there is a breach. Under the facts in the instant case, appellant became a duly authorized real estate broker in New Mexico on June 21, 1972, pursuant to § 67–24–26, N.M.S.A., 1953 Comp., amended 1973 Pocket Supp. Appellant was also licensed in California and Illinois. The contracts of sale upon which commissions and expenses are alleged to be due were entered into subsequent to the licensing of appellant by the State of New Mexico. Prior to September 1, 1972, the date of appellee's repudiation of the contract and failure to pay operating expenses, all payments for monthly operating expenses had been paid by appellee to appellant. It is clear from the record that the breach of the contract by the appellee did not occur until September 1972, well after the date the broker's license was obtained in the State of New Mexico.

Appellee relies solely on Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965), as authority in support of the trial court's judgment. That case is distinguishable from the instant case. First of all, the pleadings in the Martinez case failed to allege that the plaintiffs were licensed as contractors as required by the statute. The same requirement is contained in the real estate broker's contract, and in the instant case that required allegation was made. Secondly, the Martinez case does not stand for the proposition that the party seeking relief must be licensed at the time the contract is entered into as claimed by appellee. There is language in the Martinez opinion that is inconsistent which must be reconciled. In 75 N.M. at 677–678, 410 P.2d at 204, the following language appears:

" * * *. It is thus clear from a reading of the statute as a whole that its purpose and object was to require licensing of those engaging in the contracting business, and that such a license is contemplated *at the time the contract is entered into and the work is performed,* so

as to protect the public from unqualified contractors." (Emphasis added.)

Then in 75 N.M. at 679, 410 P.2d at 205, of the same opinion, the following is stated:

"* * *. We hold that, as used in the Contractors' License Law, the term 'at the time the alleged cause of action arose' means *when the contract was entered into or the work performed*. Both Marco and Roache were contractors required to be licensed at that time, so that failure to allege the required license constituted a failure to state a cause of action." (Emphasis added.)

Subsequent decisions that we have rendered since that opinion clearly show that what we meant in the Martinez case, supra, was that in order for a party to state a cause of action, a party must be and allege that he was licensed at the time he performed the work for which compensation is sought. In Raby v. Westphall Homes, Inc., 76 N.M. 252, 254, 414 P.2d 227, 228 (1966), we said:

"* * *. In Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200, we held that an electrical contractor was a contractor within the purview of § 67–16–2, supra, and was required to allege that he had a contractors' license at the time he performed his service."

See also Daughtrey v. Carpenter, 82 N.M. 173, 477 P.2d 807 (1970).

 We, therefore, hold that it is sufficient to allege that the party seeking relief was licensed at the time the work or service was performed in order to satisfy the requirements of the statute as against a motion to dismiss. To the extent that Martinez v. Research Park, Inc., supra, holds otherwise, if in fact it does, it is overruled. We believed the proper rule to be applied and followed is as stated in Schreibman v. L. I. Combs & Sons, Inc., supra.

In view of the foregoing, it is apparent that appellant stated a cause of action and the trial court's granting of the motion to dismiss for failure to do so was error. Therefore, this case is reversed and remanded to the trial court with direction to reinstate the case on its docket and for further proceedings not inconsistent with the views expressed herein.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.