This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

No. A-1-CA-38513

**CITIMORTGAGE, INC.,**

Plaintiff-Appellee,

v.

**JOHN DAVID GARFIELD,**

Defendant-Appellant,

and

**JANE DOE GARFIELD, SALLY G. GARFIELD, and JOHN DOE A.,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Matthew J. Wilson, District Judge**

Peterson Law, LLP
Ryan P. Swartz, Of Counsel
San Diego, CA

for Appellee

John David Garfield
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** This is the third appeal in a foreclosure case with a peculiar procedural history. In the first appeal, this Court affirmed the foreclosure judgment. *CitiMortgage, Inc. v. Garfield* (*CitiMortgage I*), No. 35,838, mem. op. ¶ 1 (N.M. Ct. App. June 5, 2017)

(nonprecedential). The property was then sold at auction by a special master. Although this Court affirmed the foreclosure action, the district court, on remand, entered an order purporting to dismiss the case with prejudice. The following month, the district court entered an order confirming the sale of the property.

**{2}** Defendant filed a second appeal in which he challenged the district court's jurisdiction to conduct further proceedings in the foreclosure case, following entry of its order dismissing the case. *CitiMortgage, Inc. v. Garfield* (*CitiMortgage II*), A-1-CA-37039, mem. op. ¶¶ 1-2 (N.M. Ct. App. March 12, 2019) (nonprecedential). "Because that order of dismissal was entirely inconsistent with the procedural posture of the case, with our prior mandate, and . . . every action taken by the district court since its entry, this Court twice remanded this case to the district court for a clarification of the record below" prior to resolving the second appeal. *Id.* ¶ 2. On remand, the district court entered an order concluding that an order nunc pro tunc to correct the record would be appropriate and ordered Plaintiff to prepare the order. *Id.* However, by the time the district court entered an order nunc pro tunc, jurisdiction over the case had reverted back to this Court.[1] *Id.* ¶ 3. This Court then reversed the order confirming sale and special master's report of the property because of the procedural defect in the record—the "anomalous" order dismissing the case with prejudice. *Id.* ¶¶ 3, 6. This Court remanded with instructions to correct the defect by appropriate means, including the entry of an order nunc pro tunc. *Id.* ¶¶ 4, 6. On remand, the district court then entered the order nunc pro tunc. The district court found (1) it did not intend to dismiss the action; (2) the action was not dismissed; and (3) all actions and orders by it after the dismissal were valid.

**{3}** In this third appeal, Defendant argues that (1) the district court erred in entering the order nunc pro tunc because it is an improper means to correct the district court's dismissal of the case, and (2) the district court erred in failing to order a partial refund under the order on supersedeas bond amount to stay the district court proceedings while this appeal was pending. Plaintiff asserts that the district court properly entered the order nunc pro tunc and requests damages pursuant to NMSA 1978, Section 39-3-27 (1966).

**{4}** We hold that the district court did not err when entering the order nunc pro tunc because it followed our mandate from the second appeal. Additionally, we decline to review the district court's inaction in ordering a refund of the bond because no final order was entered and, as well, decline to grant Plaintiff's request for damages. However, because this Court previously reversed the district court's order confirming the sale and special master's report, we affirm and remand for entry of a new such order consistent with this opinion.

**DISCUSSION**

---

1This Court vested the district court with jurisdiction for forty-five days and extended that jurisdiction for an additional ten days to enter an order clarifying the record. *Id.* ¶ 3.

## I.    The District Court's Entry of the Order Nunc Pro Tunc

**{5}**    Defendant argues that the order nunc pro tunc (1) is an inappropriate remedy to correct the procedural issues created by the district court's order dismissing the case; (2) fails to follow our previous mandate reversing the order confirming sale and special master's report; and (3) fails to explain its effect on the orders entered between it and the dismissal. Based on his contention that there was no clarity on the effect on the intervening orders, Defendant requests that these orders be relitigated because he transferred his property interest to a third party while the case was dismissed. We disagree and explain.

**{6}**    While entry of an order nunc pro tunc falls within the district court's discretion, *see Secou v. Leroux*, 1866-NMSC-005, ¶ 4, 1 N.M. 388, this case requires interpretation of this Court's mandate from the second appeal, which calls upon us to consider the doctrine of law of the case. Law of the case requires "that a decision by an appeals court on an issue of law made in one stage of a lawsuit becomes binding on subsequent trial courts as well as subsequent appeals courts during the course of that litigation." *Bank of N.Y. v. Romero*, 2016-NMCA-091, ¶ 9, 382 P.3d 991 (internal quotation marks and citation omitted). "The law of the case doctrine is a matter of precedent and policy; it is a determination that, in the interests of the parties and judicial economy, once a particular issue in a case is settled it should remain settled." *Id.* (internal quotation marks and citation omitted).

**{7}**    When interpreting our previous mandate, if there is any doubt or ambiguity, "the meaning of the appellate opinion governs." *Id.* (emphasis, alteration, internal quotation marks, and citation omitted). "Whether law of the case applies, as well as how it applies, are questions of law subject to de novo review." *Id.* (internal quotation marks and citation omitted).

**{8}**    We hold that the law of the case doctrine applies here, and our mandate in the second appeal is controlling. Based on the state of the record, we remanded to the district court for further proceedings consistent with our opinion and the calendar notice we had previously issued, including entry of an order nunc pro tunc. *CitiMortgage II*, A-1-CA-37039, mem. op. ¶¶ 4, 6. Therefore, we decline to address Defendant's arguments about the propriety of the order nunc pro tunc or the district court's jurisdiction to enter it. These arguments were raised in the second appeal and have been considered and decided by this Court. *Id.* ¶ 4 ("Defendant also opposes our proposed disposition. In doing so, he continues to argue that an order nunc pro tunc would be inappropriate in the circumstances of this case. . . . For the reasons discussed in our calendar notice, we are unpersuaded.").

**{9}**    Although we do not address Defendant's arguments about the propriety of the order nunc pro tunc, we briefly address his arguments about the effect of the order. Defendant argues the order nunc pro tunc errs by reinstating the order confirming sale and special master's report contrary to our mandate. We see no conflict between our mandate and the district court's actions. This Court was clear that the decision at the

time was "[b]ased upon the current state of the record" and the reversal was "without prejudicing the district court's ability to correct that record on remand." *Id.* ¶ 3. The entry of the order nunc pro tunc clarified that the case was not dismissed or intended to be dismissed, and resolved the procedural mistake in the record. Because the procedural error was corrected, the district court may now enter an order confirming the sale and special master's report on remand. Entry of that new order is necessary, given our prior reversal of the same such order.

{10}  We also disagree that the intervening orders should be relitigated because of Defendant's purported transfer of interest in the property. Relitigation here would serve no practical purpose. Our review of the record shows that the parties litigated these issues again after the entry of the order nunc pro tunc while this appeal was pending. These issues flowed directly from the original foreclosure judgment that we affirmed in the first appeal. *See CitiMortgage I*, No. 35,838, mem. op. ¶ 1. Resetting years of litigation tied to the foreclosure judgment would amount to a collateral attack on both our previous mandates. *See Lewis v. City of Santa Fe*, 2005-NMCA-032, ¶ 10, 137 N.M. 152, 108 P.3d 558 ("A collateral attack is an attempt to avoid, defeat, or evade a judgment, or deny its force and effect, in some incidental proceeding." (alteration, internal quotation marks, and citation omitted)).

{11}  We hold that the district court did not err by following our mandate in the second appeal when entering the order nunc pro tunc. It is "the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred." *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261. Defendant presents no new argument for our consideration. Therefore, we affirm the district court's entry of the order nunc pro tunc.

## II.  Defendant's Motion to Compel the Enforcement of the Order on Supersedeas Bond Amount

{12}  We next address Defendant's request that we review the district court's inaction and failure to issue his reimbursement related to the order on supersedeas bond amount. Our jurisdiction on appeal to review decisions of the district court requires a final order—meaning a formal, written order or judgment signed by the judge, containing decretal language, and filed in the case. *See State v. Lohberger*, 2008-NMSC-033, ¶¶ 19-20, 144 N.M. 297, 187 P.3d 162. No final order ruling on Defendant's motion was entered. As a result, we lack jurisdiction to consider the motion and decline to do so.

{13}  Defendant cites Rule 12-207 NMRA to support our authority to alternatively review the district court's inaction. But Rule 12-207(A) requires a motion be filed in this court requesting review. Defendant has not done so, and thus we decline to review the district court's inaction.

## III.  Plaintiff's Request for Damages

**{14}** Finally, we briefly address Plaintiff's request to award damages on appeal pursuant to Section 39-3-27. Section 39-3-27 provides, "Upon the affirmation of any judgment or decision, the [S]upreme [C]ourt or [C]ourt of [A]ppeals may award to the appellee or defendant in error damages not exceeding ten percent of the judgment complained of, as may be deemed just by the court." Although we have discretion to do so, we are reluctant to penalize a litigant who invokes their right to appeal. *Clark v. Sims*, 2009-NMCA-118, ¶ 25, 147 N.M. 252, 219 P.3d 20.

**{15}** Plaintiff identifies six of Defendant's actions in the district court to show Defendant pursued this appeal in bad faith. Based upon the record before us, we do not conclude that Defendant filed this appeal in bad faith and solely for the purposes of delay. *Cf. Anderson v. Jenkins Constr. Co.*, 1971-NMCA-119, ¶¶ 17-18, 83 N.M. 47, 487 P.2d 1352 (concluding that an appeal was frivolous when the defendant delayed in filing the brief in chief, failed to challenge the district courts findings, misrepresented stipulated facts, and did not deny the allegation that the appeal was brought in order to delay the final determination).

**{16}** Defendant did restate arguments this Court disposed of in the second appeal, but there was reasonable confusion about the scope of the mandate in the second appeal and how it applied to the intervening orders. Therefore, we deny Plaintiff's request for damages.

**CONCLUSION**

**{17}** For these reasons, we affirm.

**{18}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**GERALD E. BACA, Judge**