445 P.2d 176

**The STATE of Arizona, Appellee,**

**v.**

**David Eugene VAN DORN, Appellant.**

**No. 1 CA–CR 156.**

Court of Appeals of Arizona.

Sept. 23, 1968.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Chief Judge.

Defendant, David Eugene Van Dorn, after a plea of guilty was adjudged guilty of the crime of grand theft (§ 13–661 and § 13–663 A.R.S.), and was sentenced to serve a term of not less than 2 nor more than 5 years (§ 13–671 A.R.S.) in the Arizona State Prison at Florence. Notice of appeal was filed in propria persona and the Public

Defender's Office was appointed to represent him before this Court.

The Public Defender filed a brief which stated:

"The Public Defender has thoroughly studied the record in the lower court in this case and can find no reversible error to complain about and cannot present any questions for review."

The Public Defender moved this Court for leave to withdraw as attorney pursuant to Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Said motion was granted and the defendant notified 9 May 1968 by order of this Court which contained the following:

"IT IS FURTHER ORDERED that the appellant is granted to and including 9 July 1968 within which to prepare and file with this Court such brief or statement as he desires which in his opinion will assist the Court in a proper decision in this case. If additional time is requested by the appellant, a request for additional time shall be received by the Court before the aforementioned date of 9 July 1968. In the absence of either a brief or a statement or a request for additional time, the Court will then undertake a study of the record."

The Court further directed that there be transmitted to the defendant pertinent matters from the file including the Reporter's Transcript of proceedings, appellant's opening brief, as well as the State's answering brief. The directive was honored.

No response was forthcoming from the defendant and the matter was ordered submitted without argument on 11 September 1968.

The Reporter's Transcript shows that the following took place at the time the defendant changed his plea from not guilty to guilty. At that time he was represented by Mr. Francone of the Maricopa County Public Defender's Office:

"The Court: The court is informed that you desire to change your plea, is that correct?

"Mr. Francone: That is correct, your Honor. I have explained to both of these gentlemen that a plea of grand theft carries from one to ten years. I have made no promises of probation or of anything else, nor have I threatened him in any manner to get them to plead.

They have indicated to me their willingness to enter a plea of guilty to the charge of grand theft at this time.

"The Court: Mr. Van Dorn.

"By Defendant Van Dorn: Yes, sir.

"The Court: Is it your desire to enter a plea of guilty to the charge of grand theft?

"A Yes, sir.

"Q Are you aware you could be sentenced to the State Penitentiary for 10 years?

"A Yes, sir.

"Q Has anyone promised you probation—

"A No, sir.

"Q —Or that you would get leniency, or promised you anything whatsoever?

"A No, sir.

"Q Has anyone put any pressure on you?

"A No, sir.

"Q Do you know what these proceedings are all about?

\* \* \* \* \* \*

"A \* \* \* I know what it is all about. I violated the law and—

"Q There isn't any doubt in your mind that you are guilty,—

"A I am guilty, sir.

"Q —no doubt in your mind that you are guilty of this charge, is that correct?

"A No, sir."

█ The United States Supreme Court has stated:

"Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so

advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full ·examination of all the proceedings, to de-·cide whether the case is wholly frivolous. If it so finds it may grant counsel's re-·quest to withdraw and dismiss the appeal insofar as federal requirements are con-·cerned, or proceed to a decision on the merits, if the state law so requires. * *." Anders v. State of California, supra, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400 (1967).

■ Frivolous has been defined as follows:

" 'Frivolous' has a colloquial meaning of trifling or silly. It also has an established meaning in law, when applied to appeals, of 'manifestly insufficient or futile', 'without merit and futile'. In the sense of being silly or trivial these petitions are never frivolous in the minds of the petitioner. Often, however, they are frivolous in the legal sense, in the sense of being 'without merit and futile'." (footnotes omitted) Cash v. United States, 104 U.S.App.D.C. 265, 261 F.2d 731, 735 (1958), (vacated on other grounds).

■ This Court has carefully read the transcript of the hearing and examined the entire record on appeal as required by A.R.S. § 13–1715, subsection B, and by Anders v. State of California, supra. We find no error or violation of the defendant's rights or any grounds upon which an appeal can be prosecuted. State v. White, 2 Ariz. App. 455, 409 P.2d 739 (1966), State v. Yazzie, 5 Ariz.App. 143, 424 P.2d 185 (1967).

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.