COMPUGRAPHIC CORPORATION *vs.* I. FRED DICENSO & another. May 5, 1981. A single justice of this court awarded the plaintiff $1,500 in counsel fees under G. L. c. 231, § 6F, inserted by St. 1976, c. 233, § 1, to compensate the plaintiff for responding to the defendants' numerous attempts before the single justice to rescind, or avoid compliance with, certain orders for discovery. The defendants have appealed. See *Katz* v. *Savitsky*, 10 Mass. App. Ct. 792, 793-796 (1980). We affirm the order and the award.

There is sufficient support in the record for the single justice's conclusion that the defendants knew or should have known when they answered the plaintiff's action for damages that their counterclaims (as opposed to their third-party action) lacked any substantial factual or legal support. The defendants' response to the two orders entered on June 22 and 28, 1979, which were designed to govern the extent and progress of the discovery and to put the case on track for a prompt trial, was to claim several

groundless appeals (which the defendants later voluntarily dismissed), followed by the filing of four motions to modify one or the other of the orders, two motions for reconsideration of motions that had been previously denied, a motion to vacate one of the orders, a motion for a report, a motion for a stay, and a motion to extend the time for the close of the discovery and assignment of the case for trial. Counsel for the plaintiff was forced to respond to all of these motions, to appear in opposition to several, and to respond to a fruitless petition by the defendants under G. L. c. 211, § 3, in the single justice session of the Supreme Judicial Court. The defendants had ample notice that the plaintiff would seek an award of counsel fees under the statute for the time expended in connection with the controversy over discovery. No action was taken on the motion for fees until the case had been tried before a judge in the Superior Court. That judge found that the plaintiffs were entitled to recover, and he determined that the defendants' counterclaims were without merit and should be dismissed. The single justice was clearly correct in his conclusion that most of the defendants' motions were dilatory in nature and that the various arguments made in their support and in support of the underlying counterclaims were "wholly insubstantial, frivolous and not advanced in good faith" within the meaning of G. L. c. 231, § 6F. The same is true of the contentions on this appeal, in which defendants' counsel has argued that the plaintiff is not entitled to an award of fees, that his arguments on the motions raised a "novel" question, and that the motions were presented in good faith. There is no need to canvass the cases with respect to the so called American rule on an award of legal fees (see *Commissioner of Ins.* v. *Massachusetts Acc. Co.*, 318 Mass. 238, 241 [1945]; see also Nolan, Civil Practice § 825 [1975] and Oakes, Introduction: A Brief Glance at Attorney's Fees after *Alyeska*, 2 W. New Eng. L. Rev. 169 [1979]) since G. L. c. 231, § 6F, is plainly an exception thereto designed to punish the knowing pursuit of frivolous or unwarranted claims or defenses. See Medalie, Allocation of Counsel Fees - A New Concept in Litigation, 61 Mass. L.Q. 205 (1977). The reasonableness of the award has not been contested by the defendants. The order and award of the single justice are affirmed. The plaintiff is to have double costs on appeal under G. L. c. 211A, § 15.

*So ordered.*

*David M. Roseman* for the plaintiff.
*Philipp G. Grefe*, for the defendants, submitted a brief.