P. LIEDTKA TRUCKING, INC. and Bankers and Shippers Insurance Company of New York, Plaintiffs,

v.

JAMES H. HARTMAN AND SON, INC. and Dennis L. Townsend, Defendants, Third-Party Plaintiffs,

v.

CAROLINA CASUALTY INSURANCE COMPANY, Third-Party Defendant, Third-Party Plaintiff,

v.

FRUEHAUF CORPORATION, Third-Party Defendant.

Civ. A. No. 81–1776.

United States District Court, E. D. Pennsylvania.

Jan. 11, 1982.

Steven Waxman, Philadelphia, Pa., for plaintiffs.

Albert S. Fein, Philadelphia, Pa., for Carolina Cas.

Anthony B. Agnew, Philadelphia, Pa., for James H. Hartman.

Elliot Feldman, Philadelphia, Pa., for Dennis Townsend.

Morton F. Daller, Philadelphia, Pa., for Fruehauf.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Plaintiff Bankers and Shippers Insurance Company of New York, insurer of P. Liedtka Trucking, Inc., brought this action against James H. Hartman and Son, Inc., ("Hartman") and Dennis L. Townsend ("Townsend") to recover a payment made by plaintiff in settlement of an injury claim arising out of a two vehicle accident. The tractor-trailer involved in the accident was owned by Hartman, leased to Liedtka, and operated by Townsend. Townsend filed a third-party complaint against Carolina Casualty Insurance Company ("Carolina"), insurer of Hartman. On July 24, 1981, the third-party plaintiff, Carolina, filed a third-party complaint against Fruehauf Corporation ("Fruehauf") alleging that Fruehauf was liable to Carolina for contribution or

indemnity under Section 402(a) of the Restatement 2d of Torts. Carolina alleged that the accident involved a new trailer whose separate brakes failed immediately prior to the accident.

Prior to the filing of the third-party complaint against Fruehauf, an independent expert, Herbert Hill, was hired to perform an inspection of the tractor-trailer brakes on the vehicle owned by Hartman and leased to Liedtka. The report states that the investigation was conducted for Bankers and for Carolina, and the report is dated June 22, 1979.

Hill's report states that the condition of the brakes on the tractor was quite poor because the linings were thin. The report goes on to state that the brakes on the trailer would have operated either in the antiskid mode or in the normal mode if the brakes had been so actuated by the driver. One of the conclusions reached in the report was that the antiskid function of the braking system in the Hartman trailer appeared to be intermittent. However, the report stated that when the antiskid system did not function, the system reverted back to the normal braking system, which allowed the trailer brakes to lock up when air was applied. Another conclusion reached in the report was that the most likely cause of the accident was error on the part of the driver, Townsend, in managing the brake control on the downgrade prior to the accident or in his failure to apply his brakes at all. The final conclusion reached in the report was that there was always the possibility that the antiskid system on the trailer could have rendered the trailer brakes nonfunctional at the time of the accident, but the brakes did not fail to function during the tests performed for the report.

On September 24, 1981 the deposition of Townsend was taken. Although Townsend testified that the braking system on the tractor-trailer failed, he could not determine whether it was the failure of the trailer's brakes or of the tractor's brakes which caused the problem in stopping the vehicle.

On October 16, 1981, counsel for Fruehauf wrote to counsel for Carolina offering to forego its claim for counsel fees if the third-party case against Fruehauf was dropped. Carolina elected to proceed to trial.

At the trial, no testimony was offered by Carolina against Fruehauf. At the close of Carolina's case, this court granted Fruehauf's motion for a directed verdict.[1]

■ Where state law provides such a right, attorneys fees may be assessed by a federal court in a diversity case. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 258–259, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975). In Pennsylvania, a statute became effective on June 27, 1978, providing:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> (9) Any participant who is awarded counsel fees because of the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.
>
> 42 Pa.C.S.A. Judiciary and Judicial Procedure § 2503(9) (Purdon 1981).

■ Thus, under Pennsylvania law, a litigant is entitled to attorneys fees if he can establish that an action was brought arbitrarily, vexatiously, or in bad faith.

Carolina denies that it acted in bad faith by refusing to dismiss its claim against Fruehauf prior to trial. It argues that it was the conduct of Bankers, and not of Carolina, which was in bad faith. Carolina contends that Bankers sued Fruehauf, demanded contribution from Fruehauf, and kept insisting that Fruehauf was liable to it. Carolina concludes that the decision of Fruehauf to move for attorneys fees against Carolina while refraining from filing a similar motion against Bankers is itself evidence of bad faith on the part of Fruehauf. Carolina is attempting to cloud the issue with these allegations. There is no issue before the court as to whether Bankers acted in good faith, or the decision

---

1. Carolina offered no objection to the Motion for Dismissal made by Fruehauf.

of Fruehauf not to move for attorneys fees against Bankers. The only issues before the court are whether Carolina acted arbitrarily, vexatiously or in bad faith in filing a third party complaint against Fruehauf, and, later, refusing to agree to the dismissal of Fruehauf before trial.

■ The only argument of Carolina that it did not act in bad faith was Carolina's averment that it had evidence which supported its action against Fruehauf. Carolina enumerated this evidence as:

"1. The statement of the driver Townsend;

2. Statements made by the expert Hill;

3. This was a new trailer;

4. Prior complaints with respect to trailer brakes in same braking system;

5. Under Section 402A of the *Restatement of Torts* absolute liability resulted and expert testimony was not essential;

6. The causation factor was defined in terms of 'Legal Cause,' i.e., a substantial factor was required;"

(See page 4 of Carolina's Answer to Fruehauf's motion).

Unfortunately, Carolina does not amplify each of the six items of evidence outlined above. We shall examine each piece of evidence cited by Carolina.

The statement of the driver Townsend is probably the one he made at his deposition that the braking system failed because he was unable to stop the truck. However, Townsend admitted that he did not know whether the trailer brakes failed or the tractor brakes failed. The court refused at trial to permit Townsend's testimony as to brake failure. However, even if we were to accept Townsend's testimony for the purpose of this motion, this is certainly not the type of testimony which should form the basis of bringing an action, or of proceeding to trial.

Evidence no. 2 is the statements made by Hill. On page 2 of Carolina's answer to the motion, Carolina sets forth that the expert

Hill stated on page 11 of his report that "there is always the possibility that the anti-skid system on the trailer could have rendered the trailer brakes non-functional at that particular time." However Carolina omits what the expert then said which was "however, the brakes did not fail to function during the tests performed by REI." [2] We therefore find that this item of evidence was insufficient for Carolina to bring suit against Fruehauf or to proceed to trial.

Evidence no. 3 is that this was a new trailer. This fact in itself does not constitute a cause of action. Carolina fails to explain what if anything was defective in the trailer to justify its action against Fruehauf.

Evidence no. 4 is that there were prior complaints with respect to trailer brakes in the same braking system. Carolina doesn't explain what the complaints were, when they were made, and to whom they were made. This statement of evidence does not justify Carolina's action against Fruehauf.

Evidence no. 5 is that absolute liability resulted under Section 402A of the Restatement of Torts so that expert testimony was not essential. This argument of evidence has no merit. The expert Hill made the inspection on behalf of both Bankers and Carolina. If the report was a basis for Carolina's action against Fruehauf, it would make no difference that the restatement states that expert testimony is not essential. The court cannot find any rationale in this piece of evidence which would justify an action by Carolina against Fruehauf.

The final piece of evidence is the causation factor, that a substantial factor was required. Carolina does not explain what this evidence proves, and we shall not attempt to read Carolina's mind. We therefore find that this evidence does not justify the action brought by Carolina against Fruehauf.

We do find however that Carolina had the expert's report on or about June 22, 1979, two years before it brought its action against Fruehauf on July 24, 1981. That

2. REI is the research company of which Hill is the President.

report indicated no defect in the Fruehauf trailer which was casually connected to the accident. After the action was commenced by Carolina against Fruehauf, the deposition of Townsend was taken on September 24, 1981. We have already reviewed the pertinent parts of Townsend's testimony and find that the testimony did not provide Carolina with legal justification to continue its action against Fruehauf.

We find that Carolina acted in bad faith by continuing its action against Fruehauf when it had possession of the report of the expert Hill, and the deposition of Townsend.

Fruehauf's counsel has submitted an itemization of its fees and expenses, which we find reasonable. The itemization is a computer generated bill of the law firm showing the time recorded and expenses incurred in defending Fruehauf. An affidavit was attached stating that Fruehauf approved and agreed to pay the bill which totaled $15,758.55.[3]

We therefore grant the motion of Fruehauf.

Also before the court is the motion of Carolina for an order compelling Fruehauf to answer interrogatories under Rule 37. These interrogatories were served upon Fruehauf by Carolina prior to trial. Since trial has been completed, and we have already prepared Memorandum Opinions covering all of the motions filed in this case, we find no compelling reason to grant this motion.

---

**3.** The counsel fees totaled $15,038.00, and expenses totaled $720.51.