**WESTERN UNITED REALTY, INC., and Marilyn Lovejoy, Petitioners,**

**v.**

**Jack E. ISAACS and Patricia Isaacs, Respondents.**

**No. 82SC64.**

Supreme Court of Colorado, En Banc.

March 26, 1984.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Harry A. Tucker, Jr., Craig, for petitioners.

Paul Tochtrop, Craig, for respondents.

ROVIRA, Justice.

We granted certiorari to review the decision of the Colorado Court of Appeals in *Isaacs v. Wilkinson*, No. 80CA0590 (Colo. Ct.App. December 17, 1981) (NSFP), reversing the trial court's award of attorney fees against Jack and Patricia Isaacs (Isaacs) for maintaining a frivolous or groundless lawsuit. We affirm.

I.

In October 1978, the Isaacs asked their real estate agent, Robert White, to assist them in inspecting a rural residence owned by J.C. and Carol Wilkinson (Wilkinsons). He arranged for the Isaacs to view the property with Marilyn Lovejoy (Lovejoy), an employee of Western United Realty, Inc. (Western). During the inspection, the Isaacs asked Lovejoy about the water well. She stated that it was a good well, that it had provided the Wilkinsons with sufficient water, and that there had only been one occasion when the Wilkinsons had a problem with the capacity of the well. Subsequently, the Isaacs purchased the property. A short time later, the well went dry, and during the winter months it produced water only every three or four days.

The Isaacs filed an action against the Wilkinsons alleging fraudulent and negligent misrepresentation. They also named Lovejoy and Western as defendants, alleging negligent misrepresentation. The defendants denied liability. Lovejoy and Western counterclaimed for attorney fees on the ground that the Isaacs' action against them was frivolous and groundless.

*See* section 13–17–101, C.R.S.1973 (1983 Supp.).

During the course of discovery, the Isaacs served interrogatories on Mr. Wilkinson, requesting him to provide all of the information he had given Lovejoy concerning the well. In response, Wilkinson stated that he had informed Lovejoy that the well was a good well, that it had always been sufficient for his family's needs, and that on one occasion the well had gone dry when some trees had been watered for a long time.

At a pretrial conference, Lovejoy and Western brought the interrogatories and responses to the court's attention. Counsel noted that the information Lovejoy gave to the Isaacs about the well was the same information that Wilkinson had given Lovejoy and that information was the sole basis of the Isaacs' claim against Lovejoy and Western. The trial court then advised the Isaacs that their claim against Lovejoy and Western appeared unsubstantial and that, in the event the evidence at trial was not different from what had been discussed at the pretrial conference, it would be disposed to grant a motion to dismiss.

After a three-day jury trial, the trial court granted Lovejoy and Western's motion for a directed verdict. The jury awarded the Isaacs $9,000 on their claim of fraud against the Wilkinsons. Subsequently, the trial court awarded Lovejoy and Western $2,711.88 for attorney fees incurred after the pretrial conference and up to the termination of the trial. In granting the award of attorney fees, the court found that Lovejoy had merely told the Isaacs what she had been told by the Wilkinsons. There was no evidence that Lovejoy knew or had any reason to know that the information given to her by Mr. Wilkinson was false. The court further noted that

> "[t]he evidence given by the Wilkinsons at trial and the evidence previously given by all the parties in their depositions indicated that those communications were exactly the communications that were given to Lovejoy by the Wilkinsons and that she had no reason to question or

to challenge those communications, nor any duty to inquire further."

The trial court also found that the evidence as it unfolded at trial was available to counsel during the course of preparation for trial and during discovery. The court then referred to its statement at the pretrial conference and concluded by holding that the Isaacs' persistence in pursuing the case against Lovejoy and Western without additional evidence beyond what was known at the pretrial conference was "frivolous and groundless persistence."

The court of appeals affirmed the order of the trial court granting a directed verdict in favor of Lovejoy and Western. It held that in order for the Isaacs to succeed in their claim against Lovejoy and Western, they had to establish that Lovejoy failed to exercise "reasonable care or competence in obtaining or communicating the information." The court further stated that "the record contains no evidence upon which a jury could conclude that Lovejoy possessed facts which would have prompted a reasonable real estate agent to make an independent inquiry into the accuracy of the information supplied by J.C. Wilkinson, Lovejoy's principal."

The court of appeals decided, however, to reverse the judgment awarding Lovejoy and Western attorney fees. While recognizing that a trial court has discretion to award attorney fees in a civil action if it concludes that the filing or continuation of such action is frivolous or groundless, it concluded that the Isaacs' claim presented a justiciable issue and, under the circumstances of this case, that the trial court abused its discretion in assessing attorney fees against the Isaacs.

The only issue we address is the awarding of attorney fees, since the Isaacs have not requested further review of the directed verdict issue.

II.

The basis for awarding attorney fees due to the bringing or maintaining of a "frivolous or groundless" action is section 13–17–

101, C.R.S.1973 (1983 Supp.). This statute provides that, subject to the provisions of subsections (2) and (3), the trial court shall award reasonable attorney fees in any suit involving money damages. Subsection (3) provides:

"The court shall not award attorney fees among the parties unless it finds that the *bringing, maintaining, or defense* of the action against the party entitled to such award was *frivolous or groundless.* The court must make findings either affirmative or negative as to the matters set forth in this subsection (3)." (emphasis added).[1]

The issue in this case is whether the Isaacs brought or maintained a frivolous or groundless action against Lovejoy and Western. The trial court decided that the Isaacs maintained a frivolous action by proceeding to trial after receiving the court's admonition at the pretrial conference. The court of appeals disagreed. In its view, the Isaacs' claim against Lovejoy and Western presented a justiciable issue and was not frivolous. We agree with the court of appeals and take this opportunity to consider appropriate guidelines for determining when the bringing, maintaining, or defense of an action is frivolous or groundless. Section 13–17–101(3) fails to define either term or establish standards for use in analyzing specific cases. A related statute, section 13–17–102(1), C.R.S.1973 (1983 Supp.),[2] states only that "[t]he [trial] court

may exercise its discretion in determining whether attorney fees are to be awarded...." It then lists five factors for the court to consider before exercising its discretion. These factors are helpful in determining whether an action is frivolous or groundless under section 13–17–101(3), but they are not comprehensive. We therefore look to additional sources for guidance.

One source includes other court decisions awarding attorney fees for frivolous or groundless actions. In *International Technical Instruments, Inc. v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.Ct.App.1983) (*cert. denied* 1984), the third-party plaintiff, after conducting "no discovery whatsoever," "nominally attempted to establish its breach of contract claim" at trial. The trial court awarded attorney fees under section 13–17–101, and the Colorado Court of Appeals affirmed. It defined a frivolous claim or defense as one for which "the proponent can present no rational argument based on the evidence or law in support of his or her claim or defense." It defined a groundless claim as "one in which the complaint contains allegations sufficient to survive a motion to dismiss for failure to state a claim, but which are not supported by any credible evidence at trial." By adopting these definitions, the court of appeals attempted to clarify the vague standard used prior to *International Technical Instruments:*

---

**1.** Section 13–17–102(1), C.R.S.1973 (1983 Supp.), provides that:

"**Procedure for determining reasonable fee—judicial discretion.**

(1) The determination of whether or not a person is entitled to receive reasonable attorney fees and the amount which constitutes a reasonable award of an attorney fee in a given case shall be made by the court which has granted the dismissal of a party or has entered the judgment, decree, or order disposing of the action at the time of such entry or at a subsequent time fixed by the court. The court may exercise its discretion in determining whether attorney fees are to be awarded and as to the amount thereof so that manifest injustice may be avoided. When such discretion is exercised, the reasons therefor shall be specifically stated in the judgment or order of court. The following factors among others

shall be taken into consideration in making such determinations:

(a) In the case of parties claiming adversely to a person entitled to attorney fees under section 13–17–101(1), the extent of any efforts made to determine the truth of such adverse claim before making such claim or during pretrial proceedings or both;

(b) The extent to which a party has made available facts to indicate his nonliability for any money damages;

(c) The financial conditions of the parties;

(d) That a particular party has prosecuted or defended the case in bad faith or abused the procedures set forth in the Colorado rules of civil procedure;

(e) Whether there were issues of fact determinative of such person's liability concerning which evidence was in conflict."

**2.** *See supra* note 1.

whether the action presents a justiciable issue. *See, e.g., Wyatt v. United Airlines, Inc.,* 638 P.2d 812 (Colo.Ct.App.1981) (issue was one of first impression and was justiciable); *Rocky Mountain Sales & Service, Inc. v. Havana RV, Inc.,* 635 P.2d 935 (Colo.Ct.App.1981) (action involved genuine disputed issue and was not frivolous); *Moore v. De Bruine,* 631 P.2d 1194 (Colo. Ct.App.1981) (evidence of nonliability rendered issue nonjusticiable); *Wood v. Jenson,* 41 Colo.App. 301, 585 P.2d 309 (1978) (continuation of present action based on compulsory counterclaims from prior action was frivolous).

The federal district court in Colorado previewed the approach used in *International Technical Instruments* in *Morton v. Allied Stores Corp.,* 90 F.R.D. 352 (D.Colo. 1981). The plaintiff in *Morton* alleged that several defendants conspired to defraud him in the purchase of an airplane. Applying Colorado law, the district court granted summary judgment for the defendants and awarded attorney fees under section 13–17–101. It held the plaintiff's conspiracy claim to be both frivolous and groundless, defining the former as being "of little weight or importance having no basis in law or fact," and the latter as "lacking cause or reason for support." *Id.* at 357. The court did not elaborate on how it

reached its decision, except to say that it found "no support for [the conspiracy] claim in the uncontroverted facts." *Id.* Other federal courts, however, have adopted this rationale as evidence of a party's "bad faith" or "stubbornly litigious" attitude. *See, e.g., P. Liedtka Trucking, Inc. v. James H. Hartman & Son, Inc.,* 537 F.Supp. 381 (E.D.Pa.1982) (because of insufficient evidence, party should have known that there was no legal justification for continuing the action; continuation was arbitrary, vexatious, and in bad faith); *Macon-Bibb County Water & Sewerage Authority v. Tuttle/White Constructors, Inc.,* 530 F.Supp. 1048 (M.D.Ga.1981) (attorney fees are available under Georgia law if a party acts in bad faith, is stubbornly litigious, or causes unnecessary trouble and expense; otherwise, fees are unavailable unless there is a wanton or excessive indulgence in litigation).[3]

Another source of guidance includes court decisions awarding costs for frivolous appeals. In *Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984), this court reviewed an award of double costs under C.A.R. 38(d).[4] We applied the definition of "frivolous" used in *International Technical Instruments* and held that "an appeal should be considered frivolous if the proponent can present no rational argument

---

**3.** A number of state courts have awarded attorney fees based on these and other concepts. *See, e.g., Sachs v. Hoglund,* 397 So.2d 447 (Fla. Ct.App.1981) (issues which completely lack justiciability in law and fact are frivolous); *Hernandez v. Leiva,* 391 So.2d 292 (Fla.Ct.App.1980) (attempt to create controversy was frivolous and amounted to "stonewalling"); *Citizens & Southern National Bank v. Bougas,* 245 Ga. 412, 265 S.E.2d 562 (1980) (failure to rectify errors discovered during litigation may constitute bad faith); *Third World, Ltd. No. II, Inc. v. Brewmasters of Augusta, Inc.,* 155 Ga.App. 352, 270 S.E.2d 891 (1980) (party acknowledging the lack of reasonable grounds to litigate its claims was stubbornly litigious); *Third Establishment, Inc. v. 1931 North Park Apartments,* 93 Ill.App.3d 234, 48 Ill.Dec. 765, 417 N.E.2d 167 (1981) (attorney fees available if party pleads untrue statements of fact which party knew or reasonably should have known were untrue); *Compugraphic Corp. v. DiCenso,* 11 Mass.App. 1020, 419 N.E.2d 1069 (1981) (party's motions were dilatory in nature; supporting arguments were

wholly insubstantial, frivolous, and not advanced in good faith); *Three Lakes Association v. Kessler,* 101 Mich.App. 170, 300 N.W.2d 485 (1980) (unreasonable or unwarranted denials of fact may form basis for award of attorney fees); *Minnesota-Iowa Television Co. v. Watonwan T.V. Improvement Association,* 294 N.W.2d 297 (Minn.1980) (attorney fees available where unfounded action or defense is brought or maintained in bad faith, vexatiously, wantonly, or for oppressive reasons); *West v. French,* 51 Or.App. 143, 625 P.2d 144 (1981) (attorney fees available if party engages in protracted litigation as alternative to reasonable settlement); *Western Casualty & Surety Co. v. Marchant,* 615 P.2d 423 (Utah 1980) (attorney fees available if litigation was not resorted to in good faith, but rather was spiteful, contentious, or obstructive).

**4.** C.A.R. 38(d) provides: "If the appellate court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

based on the evidence or law in support of a proponent's claim or defense, or the appeal is prosecuted for the sole purpose of harassment or delay. *See Morton v. Allied Stores Corp.*, 90 F.R.D. 352 (D.Colo. 1981)." *Pierson*, 674 P.2d at 366. We pointed out, however, that an appeal should not be considered frivolous "merely because [it proves] ultimately unsuccessful" or advances a claim or defense not recognized under existing law. *Id.*[5]

The New Mexico Court of Appeals followed a similar test in *Anderson v. Jenkins Construction Co.*, 83 N.M. 47, 487 P.2d 1352 (1971). The defendant in that case used a variety of dilatory tactics on appeal to postpone "[the] final determination" of an adverse judgment. The New Mexico court indicated that extra damages would be awarded if the appeal was frivolous, vexatious and groundless, and not taken in good faith. It stated that " 'frivolous' has a colloquial meaning of trifling or silly. It also has an established meaning in law, when applied to appeals, of 'manifestly insufficient or futile,' 'without merit and futile.' " *Id.* at 50, 487 P.2d at 1355 (quoting *Arizona v. Van Dorn*, 8 Ariz.App. 228, 445 P.2d 176, 178 (1968)). The court then concluded that " 'an appeal is said to be "frivolous" where it presents no debatable question or no reasonable possibility of reversal, the word meaning of little weight or importance, not worth notice, slight.' " *Id.* (quoting *United States v. Martone*, 283 F.Supp. 77, 80 (D.Puerto Rico 1968)). Other courts have agreed with this assessment. *See, e.g., Cash v. United States*, 261 F.2d 731 (D.C.Cir.1958) (frivolous in legal sense means no realistic chance of success on merits, without an issue warranting re-

view, or without substantiation in the record).

A final source of guidance includes federal court decisions awarding attorney fees in civil rights actions.[6] The United States Supreme Court indicated in 1968 that attorney fees should generally be awarded to a prevailing plaintiff "unless special circumstances would render such an award unjust," as when the action is brought primarily "for purposes of delay or in bad faith." *Newman v. Piggie Part Enterprises, Inc.*, 390 U.S. 400, 401–02, 88 S.Ct. 964, 965–66, 19 L.Ed.2d 1263 (1968). Several years later, the federal district court in Pennsylvania expanded the Supreme Court's standard in *United States Steel Corp. v. United States*, 385 F.Supp. 346 (W.D.Pa.1974). It concluded that attorney fees should not be awarded if the controversy is "substantial" and the litigation is "bona-fide." Where there is no evidence (1) that a party seeks to harass, embarrass, or abuse another party or the court or (2) that the action is unfounded, meritless, frivolous, or vexatiously brought, attorney fees should be denied. The United States Supreme Court recently accepted the rationale of *United States Steel Corp.* in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The specific issue in that case was "what standard should inform a district court's discretion" in deciding to award attorney fees to a prevailing defendant in a civil rights action. The Court concluded that, if the action is frivolous, groundless, or unreasonable, or the plaintiff continues to litigate after the action has become so,

---

**5.** In a number of cases, the court of appeals has imposed C.A.R. 38(d) sanctions for frivolous appeals. *See, e.g., Rogers v. Charnes*, 656 P.2d 1322 (Colo.Ct.App.1982) (where counsel had full knowledge of the facts and complete understanding of the law, appeal "filed only to effect an unwarranted delay" was frivolous); *Applewood Gardens Homeowners' Association, Inc. v. Richter*, 42 Colo.App. 510, 596 P.2d 1226 (1979) (appeal challenging nonbinding dicta resulted in waste of counsel and court time and was frivolous); *In re Marriage of Trask*, 40 Colo.App. 556, 580 P.2d 825 (1978) (appeal was so lacking in

substantive merit as to be frivolous); *In re Estate of Perini*, 34 Colo.App. 201, 526 P.2d 313 (1974) (appeal with "no conceivable basis ... other than delay" was frivolous).

**6.** The primary fee-shifting statute used in civil rights actions is the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1976 & 1981 Supp. V). Other important statutes include Title II, 42 U.S.C. § 2000a–3(b) (1976), and Title VII, 42 U.S.C. § 2000e–5(k) (1976), of the Civil Rights Act of 1964.

attorney fees should be awarded. If the action is brought or continued vexatiously or in bad faith, the basis for an award of fees would be even stronger.[7] This test continues to guide federal courts in the award of attorney fees in civil rights cases. *See Shaw v. Neece,* 727 F.2d 947 (10th Cir.1984); *Prochaska v. Marcoux,* 632 F.2d 848 (10th Cir.1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981).

■ Based on the authorities cited above, we are satisfied that the analysis and standards adopted in *International Technical Instruments* are correct. A claim or defense is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim or defense. This test encompasses the variations used in *Morton, Pierson,* and *Anderson* but does not apply to meritorious actions that prove unsuccessful, legitimate attempts to establish a new theory of law, or good-faith efforts to extend, modify, or reverse existing law. Similarly, a claim or defense is groundless if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial. This test assumes that the proponent has a valid legal theory but can offer little or nothing in the way of evidence to support the claim or defense.[8] Both of these tests presuppose a certain professionalism on the part of trial counsel. Certainly, if the record reveals that counsel or any party has brought, maintained, or defended an action in bad faith, the rationale for awarding attorney fees is even stronger. Bad faith may include conduct which is arbitrary, vexatious, abusive, or stubbornly litigious. It also may include conduct aimed at unwarranted delay or disrespectful of truth and accuracy.

### III.

■ We do not seek to discourage counsel from the zealous representation of clients. Under Canon 7 of the Code of Professional Responsibility, all lawyers are under a duty to represent clients zealously within the bounds of the law. Code of Professional Responsibility DR 7–101 and –102. We merely seek to balance that duty against the important policy of discouraging unnecessary and unwarranted litigation.

· In this case, Lovejoy and Western argue that the Isaacs' decision to maintain their action past the pretrial conference was "frivolous and groundless persistence." They point specifically to the trial court's warning that a directed verdict would be forthcoming unless the Isaacs introduced further evidence at trial. The Isaacs, on the other hand, contend that they were attempting to explore at trial the "gray areas" of a relatively new theory of liability, negligent misrepresentation. In particular, they sought to establish that Lovejoy had not used reasonable care or competence in obtaining or communicating to them the information about the well.[9] Al-

---

7. The Supreme Court cautioned district courts not to reason that, just because the plaintiff is ultimately unsuccessful, the action must have been unreasonable or without foundation. It stated:

    "This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.... [T]he course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."

    *Christiansburg Garment Co.,* 434 U.S. at 422, 98 S.Ct. at 700–01.

8. We agree with the court of appeals in *International Technical Instruments* that a trial court's decision to grant or not to grant a directed verdict is not dispositive of the issue of attorney fees. The trial court must still exercise its discretion based on the guidelines established by this court and the court of appeals.

9. In *First National Bank in Lamar v. Collins,* 44 Colo.App. 228, 616 P.2d 154 (1980), the court of appeals adopted section 552 of the Restatement (Second) of Torts, which sets forth the elements of negligent misrepresentation as follows:

    "(1) One who, in the course of his business profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions,

though the case was eventually decided on agency principles, the record was not entirely clear as to what facts Lovejoy knew when she discussed the well with the Isaacs until after the evidentiary portion of the trial. At that point, Lovejoy and Western renewed their motion for a directed verdict, and the trial court agreed:

> "[T]he Court is satisfied that in this particular instance, Miss Lovejoy only passed on information as given to her by the sellers. Any representations she made were based upon direct information communicated to her by the sellers and the law is clear that imparting that information and only that information is not actionable negligence against the broker or agent."

■ Under the circumstances, we are satisfied that the Isaacs' decision to maintain the action beyond the pretrial conference was not frivolous, groundless, or indicative of bad faith. Their claim became weaker as the litigation continued and ultimately proved unsuccessful, but, given the factual setting and the newly recognized theory of liability, we conclude that the conduct at issue here does not call for the award of attorney fees pursuant to section 13–17–101.

The judgment of the court of appeals is affirmed.

KIRSHBAUM, J., does not participate.

is subject to liability for loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

"(2) ... the liability stated in subsection (1) is limited to loss suffered (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it...."