**LASTEIKA CORPORATION, d/b/a Shagnasty's, and Kathleen Staebell, Plaintiffs-Appellants,**

v.

**William W. BUCKINGHAM, Charles R. Hahn, David R. McReynolds, John C. Philpott, and William O. Slansky as the Local Licensing Authority in the City of Aurora, Defendants-Appellees.**

No. 85CA1447.

Colorado Court of Appeals,
Div. III.

May 21, 1987.

Steven A. Gall, P.C., Steven A. Gall, Hot Sulphur Springs, for plaintiffs-appellants.

City of Aurora, Office of The City Atty., Patrick E. Kowaleski, Christopher K. Daly, Aurora, for defendants-appellees.

STERNBERG, Judge.

The Lasteika Corporation sued to enjoin the Local Licensing Authority of the City of Aurora (Authority) from taking further action to suspend or revoke Lasteika's liquor license. Lasteika obtained a temporary restraining order. After a hearing, Lasteika's motion for a preliminary injunction was denied, and the trial court awarded attorney fees to the Authority. Lasteika appeals, and we affirm the denial of the motion for injunction, but reverse the award of attorney fees.

At two meetings in May of 1985, the Authority was presented with police reports alleging liquor code violations by Lasteika. The Authority reviewed these reports and decided to issue a notice and order to show cause why Lasteika's liquor license should not be suspended or revoked. Lasteika subsequently filed its complaint, along with motions seeking a temporary restraining order and a preliminary injunction. Lasteika invoked the court's jurisdiction to issue injunctions under the Colorado Sunshine Law, § 24–6–402(6), C.R.S. (1982 Repl.Vol. 10), claiming that the Authority's action in May had been taken without full and timely notice to the public as required by that law. *See* § 24–6–402(2), C.R.S. (1982 Repl.Vol. 10).

The trial court held that it had no jurisdiction under the Sunshine Law to issue an injunction because the requirements of that statute are applicable only to state agencies, and a local licensing authority is not a state agency. However, it retained jurisdiction of the parties and of the issue to allow the Authority to seek an award of attorney fees and costs. After a hearing on this issue, the court granted the Authority's motion for an award of attorney fees and costs.

■ The trial court properly held that the Colorado Sunshine Law does not apply to a local licensing authority. Inasmuch as the Authority is an arm of a political subdivision of the state, and not a state agency,

the Sunshine Act is not applicable to it. *See Bagby v. School District No. 1*, 186 Colo. 428, 528 P.2d 1299 (1974). *See also* § 29–9–101, C.R.S. (public meetings requirement for political subdivisions of the state).

■ Noting that the state has exclusive authority to regulate the manufacture, sale, and distribution of all intoxicating liquors by virtue of Colo. Const. art. XXII, Lasteika argues that a local licensing authority operating in this area is acting as a state agency and that, therefore, the Sunshine Act's requirements apply.

The Colorado Liquor Code, in § 12–47–103(27), C.R.S. (1985 Repl.Vol. 5), establishes a state licensing authority, and § 12–47–103(9), C.R.S. (1985 Repl.Vol. 5), makes reference to and defines the local licensing authority. The two entities are distinct. The fact that the statutes give the local licensing authority certain regulatory responsibilities does not, in our view, serve to make it a state agency, and thus, the Sunshine Act does not apply.

■ Lasteika's contention that the local licensing authority was a state agency, however, appears to us to have been a good faith effort to extend an existing statute. For that reason, and because the language in *Bagby v. District No. 1, supra,* upon which we rely, may be characterized as *dictum,* we conclude that this suit was neither frivolous nor groundless and that the award of attorney fees is unwarranted. *See* § 13–17–102(7), C.R.S.; *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984). Moreover, the record does not demonstrate any bad faith on Lasteika's part in seeking the injunction.

The denial of the motion for preliminary injunction is affirmed, and the award of attorney fees is reversed.

VAN CISE and CRISWELL, JJ., concur.