24CA2262 Treppeda v Farmers 11-20-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA2262
Arapahoe County District Court No. 24CV30116
Honorable Don J. Toussaint, Judge

---

Gena Treppeda,

Plaintiff-Appellant,

v.

Farmers Insurance Casualty Insurance Company,

Defendant-Appellee.

---

ORDERS REVERSED

Division II
Opinion by JUDGE BROWN
Fox and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 20, 2025

---

Ramos Law, Jonathan D. Stine, Nelson Boyle, Northglenn, Colorado; Levy Law, P.C., Marc R. Levy, Matthew W. Hall, Greenwood Village, Colorado, for Plaintiff-Appellant

Lorber, Greenfield & Olsen, LLP, Stuart D. Morse, Konrad R. Schreier, Greenwood Village, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Gena Treppeda, appeals a series of orders entered by the district court awarding defendant, Farmers Insurance Casualty Insurance Company[1] (Farmers), its attorney fees and costs. We reverse the court's orders.

## I.     Background

¶ 2     In November 2022, Treppeda's husband was struck and killed by a motor vehicle while riding an electric scooter in downtown Denver. At the time of the accident, Treppeda's father (father) maintained an insurance policy with Farmers that identified father as the "named insured" and listed Treppeda as a "covered" "household driver" on the policy declaration page.

¶ 3     Under father's policy, Farmers agreed to "pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured person" up to a policy limit of $100,000 per person. As relevant, an "insured person" included the

---

[1] In her complaint, Treppeda identified the defendant as Farmers Insurance Casualty Insurance Company. The defendant indicates that its correct name is Farmers Insurance Exchange. In its final orders, the district court identified the defendant by the name Treppeda used, so we follow the same convention.

"[named insured] or a family member," meaning "a person related to [the named insured] by blood, marriage or adoption who is a resident of [the named insured's] household."

¶ 4     Based on the policy declaration page, Treppeda believed that she qualified as an "insured person" under father's policy at the time of the accident. And because the definition of "insured person" included family members, Treppeda inferred that her husband would be covered under the policy as well. Accordingly, Treppeda filed a claim with Farmers under father's policy, seeking payment of uninsured motorist benefits.

¶ 5     In December 2022, Farmers denied Treppeda's claim, asserting that Treppeda's husband was not entitled to coverage under father's policy. Farmers noted that the policy's definition of "family member" was limited to, as relevant here, individuals who were residents of the "named insured's" household. To qualify for benefits for her husband's accident, Treppeda's husband "would have had to be a resident of [father's] household at the time of the collision," but because he was a resident of Treppeda's household, he was not insured under father's policy.

¶ 6    In January 2024, Treppeda filed a complaint under C.R.C.P. 57 seeking a declaration that she was entitled to coverage under father's policy.  Treppeda alleged that she and father reasonably expected that she would enjoy full coverage under the policy based on (1) representations made by Farmers to father when he purchased the policy and (2) Treppeda's being labeled as "covered" on the policy's declaration page.

¶ 7    Farmers filed a C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim, arguing that Treppeda was not an "insured person" because (1) "she is not a 'named insured' listed on the declaration page; the only named insured is [father]"; and (2) "she does not fit the definition of a 'family member' as at the time of the collision . . . Treppeda was not a resident of [father's] household."

¶ 8    In response, Treppeda argued that resolving Farmers' motion would require the district court to consider matters outside of the pleadings, particularly as it related to Treppeda's claim that the parties' reasonable expectations mandated coverage, so the motion should be treated as one for summary judgment under C.R.C.P. 56. Treppeda also requested leave under C.R.C.P. 56(f) "to conduct discovery prior to [the court's] ruling on the substantive issues in

3

[her] case" to ensure that the court had complete information before declaring the parties' rights or obligations under father's policy.

¶ 9 Treppeda also filed an affidavit from father attesting that, when procuring the policy from Farmers, father "informed the agent that [he] wanted [Treppeda] . . . to be covered under the policy to the same extent that [he] was." Father avowed that the agent who sold him the policy said that Treppeda would receive the same coverage as father if he agreed to pay a higher monthly premium and to list Treppeda as a driver on the policy — so he did. As a result, father understood that Treppeda enjoyed the same coverage as father.

¶ 10 In May 2024, the district court granted Farmers' motion to dismiss, concluding that the policy language was "not open to more than one interpretation" and that Treppeda's complaint did not raise a "justiciable issue or existing legal controversy." Although the court did not convert the motion to a summary judgment motion, it appears to have considered materials outside the pleadings, including father's affidavit. The court explained that it was "not persuaded" by Treppeda's evidence that father paid additional premiums to cover Treppeda or that, due to

representations made by a Farmers insurance agent, father "understood that [Treppeda] (and by extension, her husband) did not have to reside in [father's] household to be covered under the policy." Notwithstanding father's sworn affidavit, the court found "not one scintilla of evidence showing that Treppeda was deceived (or mistakenly told) into believing that a covered driver will remain 'covered' if he or she no longer resides in the household." Treppeda did not appeal the court's order dismissing her claim.

¶ 11    Farmers moved for attorney fees pursuant to section 13-17-102(4), C.R.S. 2025, arguing that Treppeda's action "[l]acked substantial justification" and "was frivolous and groundless as [she] had no evidence or legal grounds to support [her] claim." The court granted the motion, concluding that Treppeda's claim against Farmers was "substantially groundless." Following a hearing on the reasonableness of Farmers' request, the court awarded Farmers $16,881 in attorney fees and costs.[2]

---

[2] The district court's order included an award of costs in the amount of $231 pursuant to C.R.C.P. 54(d) and section 13-16-122(1)(a), (b), C.R.S. 2025. Because Treppeda does not challenge the cost award, we leave that portion of the order undisturbed.

## II. The District Court Erred by Awarding Attorney Fees

¶ 12    Treppeda contends that the district court erred by (1) concluding that Farmers was entitled to an award of attorney fees under section 13-17-102(4) and (2) incorrectly determining the amount of attorney fees it awarded Farmers. Because we conclude that the court erred by determining that Treppeda's claim was "groundless," we reverse the award of fees on that basis and need not address Treppeda's second contention.

### A. Applicable Law and Standard of Review

¶ 13    Under section 13-17-102(4), a court "shall assess attorney fees" against a party who brought an action "that lacked substantial justification." An action "[l]ack[s] substantial justification" when it is "substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-101.5(1), C.R.S. 2025.

¶ 14    A claim is frivolous "if the proponent can present no rational argument based on the evidence or law in support of that claim." *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 299 (Colo. App. 2009) (quoting *W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984)). A claim is groundless "if the allegations in the complaint, while sufficient to survive a motion to dismiss for

6

failure to state a claim, are not supported by any credible evidence at trial." *Id.* at 300 (quoting *W. United Realty*, 679 P.2d at 1069). A claim is vexatious if it is "brought or maintained in bad faith." *Id.* at 301 (citation omitted).

¶ 15 An award of attorney fees under section 13-17-102 is justified only in "clear and unequivocal cases," *In re Estate of Shimizu*, 2016 COA 163, ¶ 34, as a means of deterring "egregious conduct," "not to discourage legal theories that, while having no support in our extant decisional law, nevertheless may be persuasive by virtue of the unique character of the case," *Glover v. Serratoga Falls LLC*, 2021 CO 77, ¶ 70 (citation omitted); *see Bernal v. Lumbermens Mut. Cas. Co.*, 97 P.3d 197, 203 (Colo. App. 2003) ("An unsuccessful argument is not . . . per se groundless or frivolous.").

¶ 16 Generally, the trial court is in the best position to determine whether an action satisfies these standards because "[w]hether a claim lacked substantial justification is a question of fact for the trial court." *Argo v. Hemphill*, 2022 COA 104, ¶ 51 (alteration in original) (citation omitted). As a result, we will not disturb an award of attorney fees on appeal if it is supported by the evidence, unless the court abused its discretion in making the award. *City of*

*Aurora v. Colo. State Eng'r*, 105 P.3d 595, 618 (Colo. 2005).  A court necessarily abuses its discretion if it misapplies the law.  *In re Parental Responsibilities Concerning D.P.G.*, 2020 COA 115, ¶ 32.

### B. The District Court Misapplied the Law When it Determined that Treppeda's Complaint Was Groundless

¶ 17    Treppeda contends that the district court erred by awarding Farmers its attorney fees on the basis that her complaint was groundless under section 13-17-102(4).  We agree.

¶ 18    Citing *Bilawsky v. Faseehudin*, 916 P.2d 586, 590 (Colo. App. 1995), the court explained that "[a] claim is groundless if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial."  It noted that this "test assumes that the proponent has a valid legal theory but can offer little or nothing in the way of evidence to support the claim" and that it was Farmers' burden to "prove that [Treppeda's] claim was 'not supported by credible evidence.'"  And it concluded that, "[b]ased on the totality of the evidence, [Farmers] met this burden."

¶ 19    The court articulated the correct standard for determining whether a claim is groundless for purposes of awarding attorney

8

fees under section 13-17-102(4). But for two reasons, we conclude that it misapplied the standard in this case and thus abused its discretion by awarding Farmers attorney fees.

¶ 20 First, the groundless standard is ill-fitting for a claim that is dismissed under C.R.C.P. 12(b)(5) for failure to state a claim upon which relief can be granted. The groundless standard presupposes that the allegations of the complaint are sufficient to survive such a motion and that the plaintiff has been given the opportunity to present evidence *at trial. Hamon Contractors, Inc.*, 229 P.3d at 300. Neither event occurred here, where the court dismissed Treppeda's complaint under C.R.C.P. 12(b)(5) and conducted no trial.

¶ 21 Second, in resolving a C.R.C.P. 12(b)(5) motion, the court "must take the allegations of the complaint as true and draw all inferences in favor of the plaintiff." *Medina v. State*, 35 P.3d 443, 452 (Colo. 2001). It can review the legal sufficiency of the plaintiff's allegations, but it cannot weigh evidence or make findings of fact. *See id.* And the court may only consider matters stated within the complaint itself; it may not consider information outside of the complaint without converting the motion into one for summary judgment. *Pub. Serv. Co. of Colo. v. Van Wyk*, 27 P.3d 377, 386

(Colo. 2001); *see* C.R.C.P. 12(b) ("If . . . matters outside the pleading are presented to and not excluded by the court, the motion [to dismiss for failure to state a claim] shall be treated as one for summary judgment and disposed of as provided in C.R.C.P. 56 . . . .").

¶ 22 The district court not only considered father's affidavit, it weighed and then rejected the evidence presented in it. Then it based both its decision to dismiss the claim under C.R.C.P. 12(b)(5) and its award of attorney fees on that premature assessment of the evidence. In doing so, the court erred. At the C.R.C.P. 12(b)(5) stage, the court should have accepted the allegations in the complaint as true and viewed them in the light most favorable to Treppeda. If it wished to consider materials outside the complaint, it had to convert Farmers' motion to dismiss into one for summary judgment and provide the parties with a "reasonable opportunity to present all material made pertinent to such a motion by C.R.C.P. 56." C.R.C.P. 12(b); *see Van Wyk*, 27 P.3d at 386. And although the court had the discretion to permit discovery, *see* C.R.C.P. 56(f) (discussing a court's discretion to permit discovery when considering a motion for summary judgment), it chose not to do so.

¶ 23    Because the court could not have assessed whether Treppeda presented "any credible evidence at trial" to support her allegations, its determination that Treppeda's claim was groundless under section 13-17-102(4) was a misapplication of the law. *Hamon Contractors*, 229 P.3d at 300. Thus, we conclude that the court abused its discretion by awarding Farmers its attorney fees on this basis, and we reverse the award.[3] *See D.P.G.*, ¶ 32.

### III. Appellate Attorney Fees

¶ 24    Farmers requests an award of appellate attorney fees and costs under section 13-17-102, arguing that Treppeda's appeal "lacks substantial justification and legal support." Because we reverse the award of attorney fees, we deny Farmers' request.

---

[3] Although Farmers also argued to the district court that Treppeda's claim was frivolous under section 13-17-102(4), C.R.S. 2025, the court did not award fees on that basis, *Marcellot v. Exempla, Inc.*, 2012 COA 200, ¶ 11 (issues not decided by the trial court will not be addressed on appeal), and Farmers did not argue on appeal that we should affirm on that alternative basis, *Compos v. People*, 2021 CO 19, ¶ 35 (discussing the party presentation principle).

## IV. Disposition

¶ 25 We reverse the district court's orders awarding Farmers attorney fees but leave undisturbed the award of costs as that portion of the court's order was not challenged on appeal.

JUDGE FOX and JUDGE MEIRINK concur.